## No. 8195.

### GILLIS & KENNETT VS. JOHN M. CLAYTON, ASSESSOR.

The matter in dispute in this case being the difference between the value put upon Plaintiffs' property by the Assessor and that put upon it by the Plaintiffs themselves, and that difference being less than $1000, this Court has no jurisdiction. The constitutionality and legality of the tax itself are not at issue.

A PPEAL from the Ninth Judicial District Court, parish of Concordia. *Hough*, J.

---

*Boatner & Mason* for Plaintiffs and Appellees:

First—When the funds to be distributed does not equal a thousand dollars, and the issues do not relate to the legality or the constitutionality of the law, but relate to questions of facts, the Supreme Court is without jurisdiction to try the same. Article 81, Constitution of 1879. State of Louisiana vs. Maxwell, 27th An. 722.

Second—The constitutionality of a law will not be considered when an issue to that effec has not been raised. State of Louisiana vs. Widow J. C. de St. Romes, 26th An. page 753.

*Hiram R. Steele,* District Attorney, for Defendant and Appellant:

When a judgment declares an assessment illegal and enjoins the collection of the tax under it, an appeal will lie direct to the Supreme Court, regardless of the amount involved. Const. Art. 81; 9 An. 206.

## On Motion to Dismiss.

The opinion of the Court was delivered by

Todd, J.   The plaintiffs and appellees move the dismissal of the appeal on the following grounds, which we copy *verbatim :*

" 1.   The matter in dispute or the funds to be distributed do not equal one thousand dollars.

" 2.   The legality or constitutionality of a tax, toll, or impost is not in question, and consequently this Court has no jurisdiction."

Certain property of the plaintiffs having been assessed at three thousand dollars, they brought suit in the District Court of Concordia Parish, where the property was situated, against the assessor of said parish, to compel him to reduce the assessment to eight hundred dollars.

Judgment was rendered ordering a reduction of the assessment to fifteen hundred dollars, and from this judgment the assessor and tax collector have taken this appeal.

The matter in dispute is the difference in the amount of taxes on an assessment of eight hundred dollars and on one of three thousand dollars, and this difference being less than one thousand dollars, this Court has no jurisdiction, unless the constitutionality or legality of the tax in question is in contestation.

The *constitutionality* of a tax is in contestation:

1st.   When it is claimed that the law, under authority of which the tax is imposed or assessed, violates some provision or provisions either of the State or Federal constitutions, or of both.

2nd.   When it is asserted that the property, upon which the tax is imposed, is exempt from taxation under some constitutional provision.

The legality of a tax is in contestation :

1st.   When it is denied that there is any law in existence authorizing such tax.

2nd.   Where, admitting the existence of such a law, it is asserted that the law is invalid, owing to a want of promulgation or other irregularity; and,

3rd.   Where it is claimed that the tax was originally imposed or assessed in violation of some provision of the law, or by one without legal authority to make such assessment.

Subjected to these tests, it is apparent that the constitutionality or legality of a tax is not involved in any of the issues presented in this case.

The plaintiff does not complain that the tax assessed against his property is unconstitutional or illegal on any of the grounds above set forth, or for any other reason. On the contrary, he admits in argument that the tax in question is both constitutional and legal. That it was imposed by authority of law; that the property assessed was subject to taxation, and the only thing he disputes or contests relates to the amount or quantum of taxes he should pay on the property. In other words, the whole controversy grows out of the alleged over-estimate made of the property by the assessor and the alleged violation of an agreement between the assessor and the plaintiffs respecting the valuation of the property.

Under this view of the matter, however extraordinary or unwarranted we may regard the proceeding, we cannot review it, as it is clearly not within the jurisdiction of this Court.

If the action of the judge *a quo* was unauthorized and exerted in a matter not properly within his cognizance or jurisdiction, as charged, the defendant or the State was not without a remedy, but that remedy was not by appeal.

The motion to dismiss must prevail. The appeal is, therefore, dismissed at the costs of the appellants.