Adler, Goldman & Co. vs. Board of Assessors et als.

## IV.

Rehearing refused.

POCHÉ, J., recused.

## No. 9663.

### ADLER, GOLDMAN & CO. VS. BOARD OF ASSESSORS ET ALS.

The constitutionality of a tax is in contestation when the law under which it is imposed contravenes some constitutional provision, or when the property assessed and sought to be taxed is exempt by such provision.

The legality of a tax is contested when it is claimed there is no law authorizing it, or that the statute authorizing it is invalid, or that it has been imposed in violation of a valid law.

Where the complaint is of the irregularity or want of form of the assessment or of its timeliness, neither the constitutionality nor legality of the tax is contested and the Supreme Court has not jurisdiction unless the amount involved confers it.

| | |
|---|---|
| 37 | 507 |
| 45 | 723 |
| 37 | 507 |
| 47 | 1597 |
| 37 | 507 |
| 48 | 98 |
| 37 | 507 |
| 50 | 744 |
| 50 | 1058 |
| 51 | 89 |
| 37 | 507 |
| 52 | 2127 |
| 37 | 507 |
| 106 | 706 |
| 107 | 99 |
| 107 | 573 |

APPEAL from the Civil District Court for the Parish of Orleans. *Tissot, J.*

*Farrar & Kruttschnitt* for Plaintiffs and Appellees.

*W. H. Rogers* and *Branch K. Miller* for Defendants and Appellants.

Adler, Goldman & Co. vs Board of Assessors et als.

The opinion of the Court was delivered by

MANNING, J.   The object of this suit is to annul the assessment against the plaintiffs made in 1884 of "money loaned on interest and in possession, all credits and bills receivable for money loaned or advanced, and bonds of all kinds, judgments, suits, choses in action $5,000," and an increase of that assessment to $30,000 made by the Council in October on the report of its committee of revision.

The alleged vices of these assessments are uncertainty of description of the property, several kinds of property being lumped in one sum, where a specific assessment of each item should have been made, and the lateness of the increased assessment, the law requiring the rolls to be completed by October 1st., and want of notice of the intended increase.

The sum involved is admittedly below our jurisdiction, but both parties insist that we have it because the constitutionality or legality of the tax is involved.  If this be so a vast field of jurisdiction is opened that will include all assessments that are irregular or vague or amenable to other objections.

We have already defined what is meant by the constitutionality or legality of a tax being in contestation.

The constitutionality of a tax is contested when it is claimed that the law under which it is imposed contravenes some constitutional provision, or when the property assessed and sought to be taxed is exempt by such provision.

The legality of a tax is contested when it is claimed there is no law authorizing it, or that the statute authorizing it is invalid, or that it has been imposed in violation of a valid law.   Gillis vs. Clayton, 33 Ann. 285.

The dispute in the present case is not embraced by either of these clauses.   It is that the assessment is not in proper form, not that there is no assessment as in McGuire vs. Vogh, 36 Ann. 812, and that it was made or increased too late and no notice thereof given.   The contest is therefore over the regularity and time of the assessment, and it is fortunate that we have not jurisdiction of such questions, for to entertain them would convert this court into a Board of revision of assessments, and absorb that time which we should give to weightier matters of the law.

We must therefore dismiss the appeal *ex proprio motu* for want of jurisdiction and

It is so ordered.