In the Matter of Kock vs. Triche, Sheriff, Ex-Officio Tax Collector.

## No. 12,973.

IN THE MATTER OF E. & J. KOCK VS. CHARLES L. TRICHE, SHERIFF, EX-OFFICIO TAX COLLECTOR.

| | |
|---|---|
| 52 | 825 |
| 106 | 89 |
| 107 | 76 |
| 107 | 99 |
| 107 | 573 |
| 52 | 825 |
| 108 | 688 |
| 52 | 825 |
| 109 | 755 |
| 52 | 825 |
| 111 | 113 |
| 52 | 825 |
| f119 | 362 |

### SYLLABUS.

#### ON MOTION TO DISMISS APPEAL.

1. Where the real issue raised is the legality or constitutionality of a tax, this court has jurisdiction.
2. And this jurisdiction is not to be defeated by skilfully obscuring the issue by means of technical pleadings, or the want of them.
3. Whether or not, directly or indirectly, immediately or remotely, the legality of a tax in any form or manner is at issue, is the province of this court, and it alone to determine.
4. It is as much an issue to be passed upon here as is that of the legality of the tax itself.

#### ON THE MERITS.

1. Where plaintiff avers payment of taxes assessed against him for a certain year as ground for injunction to stay the sale of his property, producing the tax receipts relied on, under the general issue pleaded by defendant evidence may be introduced to show that all of plaintiff's taxes for the year had not been paid, and that the tax receipts did not include the particular taxes for non-payment of which the property was proceeded against.

#### ON REHEARING.

This court will not exercise appellate jurisdiction upon the ground that the question of the constitutionality or legality of a tax is in contestation, unless such question is disclosed by the pleadings upon which the case was tried in the lower court.

APPEAL from the Twentieth Judicial District Court, Parish of Assumption.—*Guion, J.*

*Edward N. Pugh* for Plaintiff, Appellee.

*M. J. Cunningham,* Attorney General, and *G. Adolph Gondran,* District Attorney, (*Charles M. Cunningham,* of Counsel,) for Defendant, Appellant.

The opinion of the court was delivered by BLANCHARD, J.

On rehearing, by MONROE, J.

BLANCHARD, J.   On November 6, 1897, the Sheriff and Tax Collector of Assumption Parish began the advertisement of property for sale, upon which taxes, State and Parish, were delinquent.

The publication announced that, beginning with December 11, 1897, he would sell all the immovable property on which taxes remained unpaid for the year 1895.

The names of delinquent taxpayers, the amount of taxes due by each, and the description of the property upon which the taxes were due, were given.

Among others appeared the following:

"E. & J. Kock—2876 93-100 acres—Belle Alliance Plantation, bounded by Mrs. A. D. Hernandez and Mrs. Truxillo, assessed at $122,870.00.   Balance taxes due $378.75."

On November 22, 1897, E. & J. Kock filed suit in the District Court of Assumption Parish, alleging that the Sheriff and Tax Collector had, without warrant of law, advertised their "Belle Alliance" plantation for sale, claiming that a balance of taxes was due thereon for 1895.

They averred payment of their State and Parish taxes for 1895 on all of their property, and especially on the Belle Alliance plantation, and annexed as part of their petition two receipts for taxes for 1895.

They ask the court's writ of injunction to restrain the tax collector in the premises.

The preliminary writ issued, which, on trial of the cause, was perpetuated.

From this judgment the Tax Collector appeals.

The defense is a general denial.

On the trial the tax receipts referred to were offered in evidence by plaintiffs. Defendant objected on the ground that there is nothing in the receipts to show for what taxes, and on what property, payment had been made, no description of property and no amount of assessment being specified.

This objection was overruled and a bill reserved.

One of the plaintiffs, as a witness, testified that the taxes set forth in the receipts were paid on all the property of E. & J. Kock in the Parish of Assumption assessed for the year 1895.

On cross-examination he was asked whether, when the receipts were given by the sheriff, he (the sheriff) did not claim a further and additional amount of taxes from him than what was specified in the receipts, and, if yea, to state why it was the additional sum claimed by the sheriff was not paid.

This was objected to by plaintiffs on the ground of inadmissibility under the pleadings. It was claimed there was nothing in the answer attacking the receipts, and the same could not be assailed under the general issue which alone had been pleaded.

This objection being sustained, a bill was reserved.

Evidence for the plaintiff closing with this, defendant offered the assessment roll of the year 1895, and the assessment thereon of plaintiffs' property, with all entries relating thereto, for the purpose of showing, as explained, that the whole of the taxes due by plaintiffs for 1895 had not been paid, but only a certain percentage thereof.

He next offered an indemnity bond which plaintiffs had executed in favor of the sheriff-tax collector, dated the same day the tax receipts were, to protect the sheriff as against the difference between the amount of taxes plaintiffs were willing to pay and did pay that day, and the true amount called for by the assessment against them for 1895.

Plaintiffs objected to both of these offerings, and urged the exclusion of the evidence on the same ground previously urged and sustained.

The court ruled as it had done on the previous objection and defendant excepted.

The tax receipts offered by plaintiffs were properly admitted, being evidence of what they showed on their face, but nothing more.

They each showed certain items of State, Parish and Levee District taxes and an item of special taxes, aggregating, in the one receipt, $2572.00, and, in the other receipt, $481.35.

One receipt expressed that the tax collector had "received of E. & J. Kock two thousand, five hundred and seventy-two dollars, amount of taxes as itemized for the year 1895;" the other that he had received of them "four hundred and eighty-one dollars and thirty-five cents, amount of taxes as itemized for the year 1895."

They do not show that plaintiffs have paid *all,* or in full, the taxes levied on their property for 1895.

They exhibit only that he has paid such taxes for 1895 as appear *itemized* in the receipts.

A receipt for the payment of money is, anyhow, but *prima facie* evidence of what it recites.

Even if the tax collector had receipted plaintiffs in full against the taxes of 1895, when, in point of fact, they had not paid all, such action of the collector would not, of course, prejudice the State and Parish. When plaintiffs paid *less* than the whole amount which the books showed they owed for taxes, the sheriff should have received only *on account* what was paid, and the receipt given should have so read, describing, or itemizing, if the tax payer desired it, the particular items which were acknowledged and paid. There appears to have been error in the receipts given in not stating that the amounts received were "on account" of taxes assessed against plaintiffs for 1895.

The only witness placed upon the stand by plaintiffs does not eke out the receipts by testifying plaintiffs had paid all the taxes asserted against them for 1895, or that the receipts embraced the full amount of taxes claimed from them for 1895, or that the particular $378.75 of taxes, to satisfy which their property was advertised for sale, is included in the amounts for which the receipts were given.

The ruling of the judge *a quo,* excluding the testimony sought to be elicited by the question propounded to the witness on cross-examination, was erroneous. So, too, were his later rulings excluding the evidence offered by defendant heretofore referred to.

If the witness, Kock, had been permitted to answer the cross-interrogatory, we are justified in assuming he would have replied that the sheriff did claim payment of other taxes than what the receipts embraced, at the time he issued the receipts, and his further reply

would have elicited the ground upon which plaintiffs resisted payment of the additional taxes claimed.

All this was directly responsive to the issue raised in the injunction suit, which was payment of taxes due for 1895, *vel non,* and it did not require, though it would have been better, for the answer to elaborate this issue in order for defendant to show that at the time receipts were given *other* taxes were claimed for that year and denied by plaintiffs. These other taxes may well have been those for which the property was being advertised for sale, and if not included in the receipts plaintiffs' plea of payment would fall.

So the testimony sought by the question put to the witness Kock, tending as it did to show that the taxes now claimed are not embraced in the tax receipts which plaintiffs hold, was admissible under the pleadings. It was contradictory of the allegation of payment made in the petition and which was put at issue by the general denial of defendant's answer.

The assessment roll of 1895, and the assessment thereon of plaintiffs' property, should have been received in evidence. It was offered to show that plaintiffs had not paid the whole of their taxes for 1895. If it showed this, it was directly contradictory of the allegations of plaintiffs upon which the writ of injunction had issued, and was admissible in evidence under defendant's plea of the general issue.

The bond of indemnity given by plaintiffs to the sheriff, when he issued to them the tax receipts, was clearly admissible as testimony showing plaintiffs' admission at the time that more taxes were asked of them for 1895 than what was embraced in the receipts.

The tax collector evidently yielded to their demand that he should receive a less sum for taxes than his books showed they owed, and in order to hold him harmless on this account, they gave the bond of indemnity.

These other taxes, against which the indemnity was given, may well have been the $378.75 for which the plantation was offered for sale; and, if so, it was contradictory of plaintiffs allegation of payment of the taxes of 1895. The testimony was, therefore, admissible under pleadings which affirmed and denied payment.

In the Matter of Kock vs. Triche, Sheriff, Ex-Officio Tax Collector.

### PLEA TO THE JURISDICTION.

A motion to dismiss the appeal is filed on the ground of want of jurisdiction *ratione materiae,* the amount of taxes claimed being less than two thousand dollars.

The contention of plaintiffs is that the only question which the suit presents is one of *payment* of their taxes for 1895. This denies that there is raised in the case any issue of *the legality* of the taxes against which the writ of injunction is levelled. If, of course, the *real* issue of the case is the legality or constitutionality of any tax, or part of taxes, asserted on one side and denied on the other, this court has jurisdiction without regard to the amount involved.

We have purposely left the consideration of this question to the last because the statement and argument of the case on its merits in the opinion greatly assists in its elucidation.

The appeal was properly brought here.

Whether or not, directly or indirectly, immediately or remotely, the legality of a tax in any form or manner is at issue, is the province of this court to determine.

That is as much an issue to be passed upon here as is that of the legality or constitutionality of the tax itself.

The language of the Constitution is intentionally broad and comprehensive in investing this court with jurisdiction in all matters relating to taxes and charges, their legality or constitutionality, levied upon the citizen or his property.

In State *ex rel.* Hill vs. Judges, 46 La. Ann. 1293, it was declared that:

"As cases arise under differing circumstances and under differing pleadings, we will determine whether the particular case falls within our exclusive appellate jurisdiction for decision or not."

We affirm anew that declaration.

The real *issue,* we think, in dispute in this cause is whether or not plaintiffs have paid all the taxes they *legally* owed for 1895. From under the cover of technical pleadings, this sufficiently appears. They do not pretend to have paid all taxes *assessed* against them. But judging for themselves what they owed, they paid it. That which they judged they did not owe, they declined to pay, though there was an assessment for it. In other words, what they concluded was legally assessed against them they paid; what illegally assessed they did not pay.

The evidence which defendant offered, and which we have held was erroneously excluded, would have shown that plaintiffs declined to pay part of the taxes levied against them for 1895. There could have been no sufficient reason for declining to pay the part excluded, except that it was not a legal tax, or was illegally assessed against them. If both, or either, we have jurisdiction.

If the testimony of the defense had been admitted, we must, for the purpose of the trial of the motion to dismiss the appeal, hold it would have further shown that the tax receipts plaintiffs have do not include that part of the taxes for 1895 they declined to pay, and that the part they so declined to pay was the very $378.75 referred to herein, and against the collection of which they sued out this injunction.

If they have not paid it, they owe it unless it be, as to them, an illegal tax. They have not set up that they have paid this particular tax of $378.75—only that they have paid their State and Parish taxes for 1895 as shown by the receipts they make part of their petition.

It sufficiently appears, we think, that down at the bottom of this controversy is the question of the legality of this particular tax of $378.75—of this part of the taxes of 1895 assessed against plaintiffs—and this court is not to be deprived of its jurisdiction by the—it may be—skilfully obscure way in which this, as an issue, is presented in plaintiffs' petition.

The motion to dismiss is denied, and it is ordered, adjudged and decreed that the judgment appealed from be annulled, avoided and reversed and the case remanded to the court *a qua* to be proceeded with according to the views herein set forth, and the law, costs of both courts in this behalf to be borne by plaintiffs and appellees.

## On Rehearing.

Monroe, J. It appears that defendant had advertised for sale plaintiffs' "Belle Alliance" plantation, for a balance, claimed to be due, of the tax of 1895, amounting to $378.75; that plaintiffs injoined the sale, alleging that they had paid the "State and Parish taxes for 1895, upon all their property situated in the Parish of Assumption, and especially on the 'Belle Alliance' plantation;" and that the answer to the petition for injunction was a general denial. There was judgment for plaintiffs, and defendant has appealed.

It is not pretended that any other amount is involved than the $378.75 mentioned, and it follows, and is undisputed, that the authority for the exercise of jurisdiction by this court must be found in so much of Article 85 of the Constitution as confers jurisdiction in "all cases," in which the constitutionality, or legality of any tax * * * shall be in contestation; otherwise, that such authority does not exist.

Upon the trial of the case, in the lower court, plaintiffs assumed the burden of proving the payment set up in the petition, and offered certain tax receipts, and oral testimony; whereupon, the defendant offered evidence, which was objected to and excluded, upon the ground that the receipts offered by plaintiffs could not be impugned under a general denial. From the character of the offers made by the defendant, this court concluded, upon the former hearing, that a question as to the legality of the tax claimed would be found at the bottom of the controversy, and therefore exercised jurisdiction, and ordered the case remanded. Further consideration, however, has led to a different conclusion, the reasons for which will be briefly stated.

If the plea of payment, set up in plaintiffs' petition, be regarded as applying to the $378.75 for which the property was advertised, it is too clear for argument that the only issue presented is, payment *vel non,* and that this court is without jurisdiction of the appeal.

If, upon the other hand, the plea of payment, which embodies the only allegation upon which the injunction could issue, or upon the basis of which it could be sustained, is inapplicable to the only claim upon which the defendant was proceeding when injoined, it necessarily follows, that the petition discloses no cause of action. There is no averment that the tax, the collection of which is injoined, is unconstitutional, or illegal, and that question can be imported into the case only hypothetically, by means of inferences and deductions, which may, or may not, be well founded; and upon the assumption that the courts will hear and pass upon such a question, without its being raised in the pleadings. Thus, we must infer, that the evidence offered on behalf of the defendant, and excluded by the judge *a quo,* would, if admitted, show that the assessment roll called, not only for the taxes actually paid by the plaintiff but, for the $378.75, which are said not to have been paid; and we must deduce therefrom that the plaintiffs' reason for not paying said balance of the tax, as called for by the roll, was, that they considered it unconstitutional, or illegal, or

NEW ORLEANS, FEBRUARY, 1900.                833

In the Matter of Kock vs. Triche, Sheriff, Ex-Officio Tax Collector.

both. And, upon this basis of inference and deduction, we must proceed as though this reason had been set forth, in the petition for injunction, as an issue to be tried in the lower court.

But, if the question upon which our jurisdiction depends is not in the case, now, and can get into it only in the event that, upon its being remanded, the evidence to be introduced by the defendant will establish all that is claimed for it; and that the plaintiffs will then claim that their reasons for not paying the disputed tax were because they considered it unconstitutional or illegal, or both; and that it is considered that such a question can properly be raised in that way; it is clear that, whatever might be the outcome of these contingencies, the needed jurisdictional question has yet to be brought into the case, and that we are, at present, without jurisdiction to review any part of it, or remand it, or make any order with reference to it, except to dismiss the appeal, because no authority to entertain such an appeal is conferred upon this court.

The jurisprudence upon this subject is settled to the effect, that " whether on exception, or on the trial of the merits, a contestation " must be made, by pleading in the lower court, touching the consti-" tutionality or legality of the law and the ordinance, in order that " this court may exercise jurisdiction." Town of Thibodeaux vs. Constantin & Bragard, 48 Ann., 338; State vs. Clesi, 44 Ann., 86; City vs. Reems, 49 Ann., 792; State vs. Hennessey, 44 Ann., 805; State vs. Tsni Ho et als., 37 Ann., 50.

It is equally well settled that questions involving the legality of assessments, and of over, and under, assessments, and of the mode of levying and collecting the tax, do not affect the legality or constitutionality of the tax itself; and hence that this court is not vested with jurisdiction by reason of the fact that such questions are involved.

Gillis & Kennett vs. Clayton, Assessor, 38 Ann., 285; Favrot vs. City of Baton Rouge, 38 Ann., 231; Minor vs. Budd, Sheriff, 38 Ann., 99; State ex rel. David vs. Judges, 37 Ann., 898.

In Bush & Levert vs. Police Jury, 39 Ann., 899, it appeared that the assessor had assessed the property of the plaintiffs at certain valuations, in which, though dissatisfied, they acquiesced. Subsequently, the Police Jury, acting as a board of reviewers, increased the assessments, and the plaintiffs then sued for a reduction. In their petition, they not only attacked the assessments as excessive, but they set up

the unconstitutionality of the entire system of assessments, as provided by the statutes. This court said: "We must look, however, to the prayer of the petition in order to determine the true object, and nature of the action;" and after quoting, in full, the petition, from which it appeared that the plaintiffs prayed that the increase of assessment be decreed null, and that the assessor be ordered to assess the property at its cash value "and for such orders as law, justice, and "equity demands," the court proceeded as follows: "It is obvious that "nothing in the demand involves the 'constitutionality or legality of "any tax, toll, or impost, whatever, or of any fine, forfeiture, or "penalty imposed by a municipal corporation.' So far as the relief "sought is concerned, it touches nothing but the assessment of the "property, and asks only a reduction thereof to a proper valuation. "In such cases, we have determined, by repeated decisions, that our "jurisdiction is measured by the pecuniary amount in dispute, and "that this amount is the differenece between the taxes payable on the "assessment complained of and those which would be due on the "reduction claimed."

In the case now before us, it was stated, in the course of the argument, that the Police Jury, acting as a Board of Reviewers, had reduced the assessment of the plaintiffs' property, but that the assessor persisted in the assessment as made by him; that the plaintiffs paid upon the basis of the assessment as made by the Police Jury, and that the $378.75 represented the difference between the tax, as based upon that assessment, and the tax, as based upon the assessment made by the assessor.

The statement thus made, whilst not considered part of the case, serves to illustrate the proposition that plaintiffs' failure to pay the tax claimed might well have been entirely apart from any question of its constitutionality or legality; and, hence, that such a question not only is not in the case, but that it is more than probable that no attempt would have been made to bring it in.

Being of opinion, then, that we are without jurisdiction, *ratione materiae,* it is ordered, adjudged and decreed that the appeal herein be dismissed at the cost of the appellant.

BLANCHARD, J., dissents, adhering to the original opinion.