On Motion to Dismiss Appeal.
SOMMERVILLE, J.
[1] Under the provisions of article 214 of the Constitution of 1879, the General Assembly was authorized to divide the state into levee districts, and to provide for the appointment of levee commissioners in the districts, who were to have supervision of the erection and maintenance of the levees in said districts; and it was further authorized to “levy.a tax not to exceed five mills on the taxable property situated in the alluvial portions of said district subject to overflow.” In 1884, the article was amended so as to give to the levee commissioners the right to “levy a tax not to exceed ten mills on the taxable property situated in the alluvial portions of said district subject to overflow,” etc. Act No. 112, 1884, p. 149.
By Act 79, 1890, p. 63, the General Assembly organized the Red River,_ Atchafalaya and Bayou Bouef levee district, composed of “all territory subject to overflow contained in the parishes of Avoyelles, and Rapides, as well as that included in the described limits situated in the parish of St. Landry”; and the board was authorized “to levy annually such a tax as may be authorized by article 214 of the Constitution, upon all property in said district, subject to taxation for levee and drainage purposes,” etc.
In 1890 the assessor for the parish of Avoyelles assessed the property of petitioners for levee purposes as being “territory subject to overflow” contained in said parish. Plaintiffs sued out an injunction, which was dissolved on their own motion; and their property has not been assessed for levee purposes since that year, until the year 1913, when the assessor extended on the regular assessment rolls of the parish the several amounts set forth in plaintiffs’ petition as levee taxes for the year 1913 — amounting to about $1,000.
By Act No. 46, 1892, p. 50, the original act creating the Red River, Atchafalaya and Bayou Bouef levee district was amended, but not in respect to the matters under consideration.
Plaintiffs have enjoined the assessor and sheriff from collecting said taxes, and they ask that their property be declared by judgment of court to be “not subject to overflow, and exempt from any levee taxes or contribution for levee purposes, and that there be judgment ordering that the property of petitioners be stricken from the assessment rolls for the year 1913, and that the property of your petitioners be held and declared exempt from any tax or contribution for any levee purposes.”
After alleging that the assessor had acted *165 irregularly and improperly, in extending on the assessment rolls the amount of levee taxes claimed by the tax collector, which acts were said to have been done at the wrong time and in the wrong way, they further alleged:
“That the lands of petitioners need no levee protection, are not subject to overflow, and have never been inundated or overflowed within the memory of man.”
Plaintiffs do not question the right of the levee board to levy taxes “on the taxable property situated in the alluvial portions of said district subject to overflow”; therefore • the constitutionality and legality of this act is not involved in the suit. They complain only of the action of the assessor in extending on his rolls the several amounts of taxes set opposite the respective assessments of their property. It is the correctness of the assessment which is presented by plaintiffs for decision; as to whether or not these lands which have been assessed are “situated in the alluvial portions of said district subject to overflow.” If the alluvial lands belonging to plaintiffs are subject to overflow, the assessments may be correct; on the other hand, if they are not subject to overflow, the assessments may be incorrect. The validity of the tax sought to be collected is not in question; and, as the amount involved is below the jurisdictional limit of this court, the motion to dismiss must be sustained.
“The framers of the Constitution did not see fit to confer upon this court jurisdiction of cases involving the legality of assessments of property for taxation, regardless of the amount in dispute. We therefore cannot assume such jurisdiction.” Minor v. Budd, 38 La. Ann. 99.
[2] There may appear to be some contrariety of opinion on the point under discussion; but, as cases arise under differing circumstances and under differing pleadings, we will determine whether this particular case falls within the exclusive appellate jurisdiction of this court for decision or not. Kock v. Triche, 52 La. Ann. 825, 27 South. 354.
In the case of Adler, Coleman & Co. v. Board of Assessors, 37 La. Ann. 507, we say:
“The legality of a tax is contested when it is claimed there is no law authorizing it, or that the statute authorizing it is invalid, or that it has been imposed in violation of a valid law. Gillis v. Clayton, 33 La. Ann. 285.”
Again, in Sheriff v. Bank, 46 La. Ann. 1483, 16 South. 453, where plaintiff sued defendant for a license tax for carrying on the business of private banking. The only question was: Is defendant a private bank, or a public bank? If it was a public bank, it owed no license; and, if it was a private bank, it did. And, as the amount in dispute was less than $2,000, we held that the court was without appellate jurisdiction. The matter in the case now before the court is whether plaintiffs’ lands are subject to overflow or not. If they are, they are liable to taxation for levee purposes. If they are not subject to overflow, they are not liable for such tax. Kock v. Triche, 52 La. Ann. 825, 833, 27 South. 354; Tebault v. New Orleans, 108 La. 686, 689, 32 South. 983.
The terms of the statute under which the taxes have been levied in this case will not have to be construed by the court in deciding it, and the legality of the tax is not therefore involved.
Defendants, in their answer, reconvene and ask that the property of plaintiffs be assessed for the three preceding years; which would involve an amount in excess of $2,000. But, in such case, the appeal lies to the court having jurisdiction of the main demand. Const, art. 95.
As the assessments of plaintiffs’ lands for the year 1913 only are involved in this case, the judgment which may be rendered herein can have, and will have, no effect upon the taxes for other years. State v. American Sugar Refining Co., 108 La. 603, 32 South. 965.
*167 It is therefore ordered that this ease be transferred to the Court of Appeal, Second Circuit, State of Louisiana, Third District,' for the parish of Avoyelles, to be there proceeded with according to law.