McCALEB, Justice.
Plaintiff, an employer subject to the provisions of the Louisiana Employment Security Law, R.S. 23 -.1471-1713, instituted this suit against the administrator of the Department of Labor, Division of Employment Security, for a review of the administrator’s ruling which approved the charging of certain unemployment claims against plaintiff’s experience rating record, upon which the employer’s social security taxes are based.
The administrative proceedings reveal that plaintiff filed an application with the defendant for a redetermination of the benefits paid each individual for unemployment security which had been charged to its experience rating record for the twelve month period ending June 30, 1954. It was claimed in this application that, of the $20,636 debited against its experience rating record for the period in question, only $7,569 was properly chargeable and, hence, there was an overcharge to the prejudice of plaintiff of the difference, to wit, *119 $13,067; that this overcharge was illegal because the administrator or his agent, upon taking a claim for unemployment compensation from a former employee, is required by the provisions of R.S. 23:1624-1625 to promptly notify the base period employer as to determination thereof and the reasons therefor; that the administrator failed to comply with the law in this respect in his determination of approximately 193 cases involving plaintiff’s former employees, thereby denying it the opportunity of timely appealing from the determinations and that, consequently, its experience rating record for the period in question was charged without any notice or hearing.
After a trial in the district court, the determination made by the administrator was approved. This appeal was taken from the adverse ruling.
Plaintiff claims that this Court has jurisdiction of the appeal on the basis that the amount in dispute is $13,067. However, it is obvious that that sum is not in controversy within the meaning of Section 10 of Article 7 of the Constitution, which vests this Court with appellate jurisdiction where the amount in dispute or the fund to be distributed exceeds $2,000 exclusive of interest. Plaintiff does not and cannot contend that the amount of $13,067 was unlawfully collected from it by the State; it is only insisting that this contribution, which was part of the yearly contribution it was required to make under the Louisiana Employment Security Law, was improperly charged against its experience rating record (when it was paid out to its former employees) because it did not allegedly receive timely notice from the Administrator of his determination in approximately 193 cases.
If it be assumed, for the sake of discussion, that these allegations are true and present a legal ground for complaint, it is still manifest that there is no showing that there is any amount in dispute. While plaintiff prays that its experience rating record be credited with $13,067, the only possible monetary effect of such a credit would be to reduce the annual benefit charges for which plaintiff is liable. Under the law, plaintiff is required to annually pay a certain percentage of its total payroll to the State for unemployment compensation. The rate of contribution may fluctuate yearly as the formula for determining the tax is affected by the total payments credited to the employer’s account, a statement of benefit charges being rendered annually to an employer disclosing the amount of compensation paid to employees over the year. Hence, since there is no showing that plaintiff’s contribution would have been reduced in excess of $2,000, this Court is without appellate jurisdiction.
The jurisdictional question here is analogous to that presented in cases where parties have sought to have alleged unlawful property assessments reduced by several thousand dollars for purposes of taxation. The Court has consistently refused jurisdiction of those controversies, holding that the amount in dispute is not the difference between the assessment and the valuation placed on the property by the claimant but the difference between the taxes due under the assessment under attack and the taxes which would be payable under the assessment sought. See Block v. Fontenot, 35 La.Ann. 965; Bush & Levert v. Berard, 39 La.Ann. 899, 2 So. 790; Kock v. Triche, 52 La.Ann. 825, 27 So. 354 and Tebault v. City of New Orleans, 108 La. 686, 32 So. 983.
It is therefore ordered that the case be transferred to the Court of Appeal, First Circuit, provided that the record is filed in that court within 30 days from the date upon which this decree becomes final; otherwise, the appeal shall be dismissed. The costs incurred in this Court shall be paid by plaintiff.