TATE, Judge.
By these proceedings the plaintiff seeks judicial review of an administrative ruling. The District Court dismissed the suit, and the plaintiff’s consequent appeal to the Supreme Court was transferred to us because that tribunal lacked appellate jurisdiction of it. 237 La. 292, 111 So.2d 118.
The plaintiff (“Roseland”) is an employer subject to the provisions of the Louisiana Employment Security Law, LSA-R.S. 23:1471-23:1713. The substance of Rose-land’s contention is that its experience-rating record, upon which its rate of tax contribution for unemployment compensation is based, was improperly charged with the payment of benefits to certain unemployed workers, and that it is therefore entitled to have these charges against its record removed. To understand the respective contentions of the parties, it is necessary first to summarize the statutory background in the context of which this litigation takes place.
The Louisiana Employment Security Law, above-cited, establishes and regulates a program of unemployment compensation benefits. Under this program, which is administered by the Division of Employment Security of the State Department of Labor, eligible employees who become unemployed are paid benefits from a fund derived from taxes paid by the employers subject to the act. The standard rate of tax contribution payable by each of such employers is 2.7% of the wages paid by him to his employees, but the employer’s contribution rate may be reduced according to a fixed schedule, if in a given period the employer has a favorable experience-rating under which the total of his tax contributions exceeds the total benefits chargeable to his experience-rating record. See LSA-R.S. 23 ¡1471-23:1713, esp. Sections 23:-1532-23:1536; Comment, “Unemployment Compensation in Louisiana”, 19 La.L.Rev. 448 (1959).
When an unemployed worker first files a claim for unemployment compensa *144 tion and when this claim is initially and (in the event of contest) subsequently determined, certain employers (in general, those to whose experience-rating record the payment of the benefits may be charged) are entitled to notice and to contest the eligibility and qualification of the claimant and the amount of benefits payable under the claim; as well as to seek further administrative and judicial review of any determinations made by the administrative agency with regard thereto. LSA-R.S. 23:1622-23:1634. Also, in preparing the employers’ experience-rating records, the Administrator of the Division of Employment Security is required to render to each employer quarterly statements of individual benefits paid which have been charged to the employer’s experience-rating record, which benefit charges are conclusive against the employer in the absence of his timely application to review same. LSA-R.S. 23:1541.
The basis of the present litigation is Roseland’s protest that the administrator’s statement of benefit charges sent to it pursuant to LSA-R.S. 23:1541 for the period ending June 30, 1954, improperly charged claims totaling $13,067 against the aforesaid plaintiff employer’s experience-rating record. The substance of Roseland’s protest is that as to each individual claim so listed it did not receive the notice of the determinations of the claims to which Roseland is statutorily entitled under LSA-R.S. 23:1625: “Notice of [each claim’s initial] determination, together with the reason therefor shall be promptly delivered to the claimant, to his last employer or employing unit and to all of the base period employers or mailed to their last known address.” (As amended Acts 1952, No. 400, § 1.) [1] Roseland claims that it was prejudiced by its failure to receive notice that a former employee was to be paid unemployment compensation, since it might have offered re-employment to such claimants and thus have avoided the charge against its experience-rating record for such employees’ compensation benefits.
It must at this point be noted that the record reflects without contradiction that Roseland received prompt notice of both the filing of the claims and of claim determinations relative to former employees of which Roseland was the last employer before they made their claims. Roseland’s. sole complaint is that to its prejudice it did not receive such prompt notice as required by LSA-R.S. 23:1625 with regard to employees of which it was, not the last employer, but merely a "base-period” employer. Benefits paid to a claimant are charged against the experience-rating records of his employers for his “base period”[2] in “the *145 same ratio to the total benefits paid to an individual as the base period wages paid to the individual by such employer bear to the total amount of base-period wages paid to the individual by all his base-period employers”, LSA-R.S. 23:1533.
We think that the District Court correctly held that the evidence preponderantly proves that notices of determinations were sent to Roseland as the base-period employer in all the protested claims charged to Roseland’s experience-rating record. Based upon an examination of the administrative records of each of the protested claims, this fact was found to be true in the administrative proceedings. The plaintiff employer introduced no evidence to rebut this finding, either in the administrative proceedings or in the judicial review of it.
For we see little merit to Rose-land’s contention that the “Notice to Base Period Employers” (P-2; Form LDES 152), which it admits receiving (although, supposedly, tardily), did not constitute the notice required by LSA-R.S. 23:1625. This notice, inter alia, listed the name of each claimant, the date his claim was filed, the weekly benefit amount payable him, and the maximum benefit amount, together with (on the reverse side) the information that it had been determined that such claim-antis) had'sufficient earnings to qualify for benefits which would be paid if the employee (s) continued the claim (s) and met all eligibility requirements. The information furnished by this initial determination report (P-2) substantially complies with the requirements of LSA-R.S. 23:1624 [3], which is the notice LSA-R.S. 23:1625 requires to be sent to, among others, base-period employers.
Although Roseland also introduced into evidence an agency form entitled a “Notice of Claim Determination” (P-3; form LDES-385) and contends that base-period employers were additionally required by LSA-R.S. 23:1625 to receive same, it is apparent on its face that this form is designed “to assess a disqualification only or to remove it” (Tr. 84). Pertinently, it is used to furnish notice only of determinations that deny or allow benefits where disqualification is urged.[4] (There is no contention by Roseland that it did not receive this form in instances involving determinations where disqualification of its former employees to receive unemployment benefits was raised.)
Insofar as Roseland contends that the administrative agency itself admitted that it did not send out such notices (citing Tr. 84, 85, 86), examination of the testimony referred to as supporting such contention readily indicates that the notices there referred to are notices of claim filed, required to be transmitted by LSA-R.S. 23:1624, the failure to receive which is no longer urged by appellant to have been prejudicial (see footnote 1).
Essentially, as stated by the trial court, the plaintiff’s argument that the claims in *146 question were improperly charged to its experience-rating record is based upon the testimony of its personnel director that many of the notices of determination of such claims were received by it as base-period employer several months after the date of rendition — too late for Roseland to offer re-employment to the claimants and thus to minimize the charge against its experience-rating record.
To overcome the administrative hearing finding, based upon a claim by claim examination of the administrative records, that such notices had properly been sent out, we have only the generalized testimony of Roseland’s personnel director that notices were “three, four, five, six and seven months old before we got them” (Tr. 53; cf., Tr. 51, 55, 57, 64). However, when the trial court specifically asked this witness to check his records and list the dates that the notices were received by Roseland with regard to each protested claim, this witness stated he was “not prepared to do so” (Tr. 76-77) ; although his firm’s records were available at the trial (Tr. 58-59) and had been available for preparation of such information during the sixteen months intervening between the filing of the suit and the trial. Additionally, we note that the only notice of claim determination actually introduced in evidence (P-2) does not support such claim of tardy notification (although plaintiff contends that this reflects only an improved situation resulting from this protest by it). This notice (P-2) concerned determination of claims filed, between eight and twelve days prior to the trial in the lower court.
We thus believe that the record supports a finding that Roseland, the plaintiff employer, received promptly all notices of claim determinations to which it was entitled under LSA-R.S. 23:1625, and that therefore there is no factual basis upon which this employer can be afforded the relief for which it prays. The District Court therefore correctly dismissed this suit.
Having so found, it is unnecessary for us to discuss the substantial contentions of the Administrator that, at least in the absence of specifically proven prejudice because of the alleged lack of (or tardy) notice, there is no legal basis for the relief demanded by the plaintiff employer; and that, in any event, the present employer (having received the notices of claim determinations) is completely without standing to contest the chargeability to his records of these benefits.[5]
For the foregoing reasons, the judgment dismissing this suit is
Affirmed.

. In its initial claim before the administrator, as well as by the petition filed in the present judicial proceedings, Roseland also claimed that it was prejudiced by the Administrator’s failure to send it notice of the filing of the claims, as required by LSA-R.S. 23:1624 (as contrasted with the notice of the determination of the claims required by LSA-R.S. 23 :- 1625.) The evidence in the record reflects that Roseland received a notice of such filing in all cases in which it was the last employer of the unemployed worker, although it did not receive such notices in cases in which it was merely a “base period employer” (which term will be explained later in the text). In the agency proceeding and by the trial court judgment it was found that Rose-land was not prejudiced by such failure because base period employers had no standing to contest the disqualification of employees under LSA-R.S. 23:1601 prior to the amendment of this section by Act 704 of 1954 — an amendment which became effective subsequent to the filing and determination of all claims with which we are concerned. Since upon appeal (see its brief) the plaintiff-appellant’s specification of errors in the trial' court judgment is limited solely to the alleged prejudice resulting from failure to-receive notices required by LSA-R.S. 23 :- 1625 (concerning notices of claim determinations), we consider that for purposes of this appeal Roseland has abandoned any contention that it is entitled; to relief because of the failure to receive-notices required to be sent it by LSA-R.S. 23 :162lh

. The statutory definition of “base-period”' is set forth at 23:1472(4): “ ‘Base period’ means the first four of the last five- *145 complete calendar quarters immediately preceding the first day of an individual’s benefit year.” See also LSA-R.S. 23:1472 [6]: “ ‘Benefit year’ with respect to any individual means the one-year period beginning with the first day of the first week with respect to which the individual first files a claim for benefits in accordance with R.S. 23:1600(1), and thereafter the one-year period beginning with the first day of the first week with respect to which the individual next files a claim for benefits after the termination of his last preceding benefit year; provided, that at the time of filing such a claim the individual has been paid the wages for insured work required under R.S. 23:1600(5).”

. “ * * * A determination thereon [i. e., of the employee’s claim for benefits] shall be made promptly and shall include a statement as to whether or not benefits are payable, the week with respect to which benefits shall commence, the weekly benefit amount payable and the maximum duration of benefits. * * ”

. See LSA-R.S. 23:1624 “* * * In the event of a denial of benefits the determination shall state the reason therefor.”

. See LSA-R.S. 23:1641(1): “No employer shall have standing in any proceeding involving the chargeability oí benefits to 1ns experience-rating record (a) to contest the chargeability to Ms record of any benefits paid in accordance with a determination, reconsidered determination, or decision of which he was given notice and an opportunity to be heard”.