Ronald E. Clark Attorney for Board of County Commissioners Putnam County Palatka
QUESTION:
May the board of county commissioners provide space and utilities without charge for a credit union which is not connected in any way with county employees?
SUMMARY:
A board of county commissioners may not provide free office space and utilities in a public building to a private credit union, the membership of which is not composed of employees of the county or their immediate families, and which is in no way connected with county employees.
Your question is answered in the negative.
Your request appears to have arisen because a representative of a credit union has proposed to the Putnam County Board of County Commissioners that the board provide the credit union with free space and utilities in a county building. You state that the credit union would be in no way connected with county employees, so it follows that the membership of the credit union is not composed or made up of the employees of the county or the immediate families of such employees.
It is a basic principle of law that public officials may exercise only those powers which are expressly granted by statute or which may be necessarily implied from powers so expressly granted. In order for a power to be implied from an express statutory grant of power, the power sought to be implied must be necessary, indispensable, or essential to carry out an expressly granted power or expressly imposed duty. See, e.g., 20 C.J.S. Counties s. 49 at 802-804 and s. 82; Hopkins v. Special Road Bridge Dist. No. 4, 74 So. 310 (Fla. 1917); Molwin v. Turner, 167 So. 33 (Fla. 1936); Gessner v. Del-Air Corp., 17 So.2d 522 (Fla. 1944); Crandon v. Hazlett, 26 So.2d 638 (Fla. 1946); AGO's 058-228 and 073-374;cf. AGO 078-77.
Section 125.01(1)(c) empowers a noncharter county to `[p]rovide and maintain county buildings.' This provision clearly does not constitute express authorization for a county to provide free space and utilities in county building to a credit union, nor can such authority be implied from the powers granted under this section since provision of free space and utilities is not necessary or essential in order to provide and maintain county buildings. Cf. AGO's 073-374 and 078-67. Moreover, such county buildings may not be used for any purpose other than as provided by statute. See 20 C.J.S. Counties s. 169 at p. 1001; cf. AGO's 072-68 and 073-486. As a caveat, it should be noted that the State Constitution restricts the type and amount of services that may be provided to nongovernmental entities, such as a credit union. Any appropriation or disbursement of moneys to such private entities or lending to them the public credit or property may violate s. 10, Art. VII, State Const. See, e.g., O'Neill v. Burns,198 So.2d 1 (Fla. 1967); Bailey v. City of Tampa, 111 So.2d 119 (Fla. 1926); AGO 074-20.
Section 657.24, F. S., provides for certain circumstances in which space in public buildings may be rented or provided gratuitously to a credit union:
 Any credit union organized under state law, or any federal credit union organized under federal law, the members of which are presently, or were, at the time of admission into the credit union, employees of the state or a political subdivision thereof, or members of the immediate families of such employees, residing in the same households may apply for space in any building owned or leased by the state or respective political subdivision in the community or district in which the credit union does business. The application shall be addressed to the officer charged with the allotment of space in such building. If space is available, the officer may, in his own discretion, allot space to the credit union at a reasonable charge for rent or services. If the public board having jurisdiction over the building determines by official action that the services rendered by the credit union to the employees of the board are equivalent to a reasonable charge for rent or services, available space may be allotted to the credit union without charge for rent or services. The officer charged with the allotment of space in such building shall report annually any space allocated pursuant to this section and the charge made for rent or services to the auditor general on a form prescribed by the auditor general. (Emphasis supplied.)
It can be seen that the Legislature has specifically delineated which credit unions may utilitize government-owned office space and services. Only those credit unions, the members of which are presently, or who at the time of admission into the credit union were, county employees or their immediate families may rent or gratuitously receive, pursuant to the statute's provisions, office space or services in a county-owned building. In accordance with the rule of statutory construction `exclusio unius est exclusioalterius,' meaning that the inclusion in a statute of those things upon which it is to act excludes from its operation all other things, I conclude that the Legislature, by providing that space and services in public buildings may be provided only to certain specified credit unions, has impliedly prohibited the furnishing of such space and services to any other credit union. See
Interlachen Estates Inc. v. Snyder, 304 So.2d 433 (Fla. 1974); Dobbs v. Sea Isle Hotel, 56 So.2d 341 (Fla. 1952); Ideal Farms Drainage Dist. v. Certain Lands, 19 So.2d 234 (Fla. 1944). Hence, a county is impliedly prohibited from providing free space and utilities to private credit unions not composed of county employees, since s. 657.24 authorizes such provision only to credit unions composed of county employees. An implied prohibition against doing something is just as plainly and effectively a prohibition as an express prohibition. See 20 C.J.S. Counties s. 49, pp. 802-803; Martin County v. Hansen, 149 So. 616 (Fla. 1933);cf. AGO's 078-67 and 078-68.
I therefore conclude that the board of county commissioners is not authorized by law to provide office space and utilities in a public building to a private credit union, the membership of which is not composed of employees of the county or their immediate families, and which is in no way connected with county employees. Having reached this conclusion, there is no need for me to comment upon any potential violations of s. 10, Art. VII, State Const. (other than as set forth above by way of caveat), that might arise if there were statutory authorization for furnishing space and services to a private credit union of the type your letter contemplates. See, e.g., AGO 074-20.
Prepared by: Frank A. Vickory, Assistant Attorney General