No. 13,862.

STATE OF LOUISIANA VS. P. PIGOT.

SYLLABUS.

The Court of Appeals properly declined to take jurisdiction of a case on appeal where the parties have agreed upon the facts and the only question left open for adjudication is whether the defendant, under that state of facts, be liable to a license.

IN RE. P. Pigot, Applying for *Certiorari* or Writ of Review to the Court of Appeals, Parish of Orleans.

*James O'Connor* for Applicant.

The opinion of the court was delivered by

NICHOLLS, C. J.   In his application to this court the defendant in the above cause alleges that he is engaged in the business of keeping a small restaurant at No. 522 Madison street; that he is not engaged in the liquor or bar business, but does serve claret wine with the dinner he serves, for which he charges thirty cents, whether the patron drinks the wine or not; that the attorney for the State Tax Collectors for the Parish of Orleans had obtained judgment against him for the State in the First City Court of New Orleans, for the sum of one hundred dollars on the basis of a bar license; that he had appealed to the Court of Appeals in accordance with Article 143 of the Constitution of 1898, which makes the Court of Appeals the appellate court in all cases that originate in the First City Court; that the Court of Appeals dismissed his appeal on January 9th, 1901, on the ground that it had no jurisdiction, for the reason that the question involved was one of interpretation of a statute (Act No. 171 of 1898), and refused a rehearing on January 9th, 1901; that it was the duty of the Court of Appeals to have submitted the question of law and jurisdiction involved in accordance with Section 2 of Act No. 191 of 1898, for their instruction; that Article 85 of the Constitution of 1898 gives the Supreme Court exclusive appellate jurisdiction in cases originating in the First City Court, only when an ordinance of a municipal corporation or a law of the State had been declared unconstitutional, and that Article 143 of the Con-

stitution of 1898 makes the Court of Appeals the appellate court for the First City Court in all cases.

That the refusal of the Court of Appeals to exercise jurisdiction in the said cause had worked him a grievous injury, inasmuch as he was prevented from taking a suspensive or devolutive appeal to the Supreme Court from the First City Court, more than ten days having elapsed from the rendition of the judgment to the dismissal of the appeal.

His prayer is that a writ of *certiorari* issue, commanding the sending up of the record in the said cause for review by the Supreme Court and for all and general relief.

The cause was submitted to the Court of Appeals for decision on an a greed statement of facts, which the petitioner in this court annexes to his petition. The facts of the case as set out in this statement are those which petitioner claims them to be in his petition herein. The case on motion of the State attorney was dismissed in the Court of Appeals on the authority of State of Louisiana vs. Rosentream & Weis, 52 Ann. 2126.

The only question at issue in this case from its inception was whether the defendant was legally responsible for a license or not. Of course for the determination of that question all the circumstances connected with his business had to be examined and determined. The State insisted that upon the state of facts which it could establish, defendant was liable.

Defendant denied that proposition, (State vs. Zurick, 49 Ann. 457). The primary examination and decision was made in the First City Court. The defendant appealed, not to the Supreme Court, but to the Court of Appeals. In that court the parties made an agreement as to all the facts of the case; there was therefore no issue of fact left for that court to determine. The only question left open to it for decision was that of the liability of defendant for a license. That was one which it was incompetent to decide. The appellate tribunal for persons upon that issue is the Supreme Court.

The Court of Appeals correctly declined to act upon it, and dismissed the appeal. Its action should properly have been tested under our supervisory, not our revisory power. This application, for the reasons assigned herein, and in State *ex rel.* Lyons vs. Court, 49 Ann. 1221; State vs. Rosenstream & Weis, and the decisions referred to in that case, is hereby refused.