*1484 The opinion of the court was delivered by
Watkins, J.
This is a proceeding on the part of the tax collector, by rule on the defendant, to show cause why it should not pay a license of one hundred and fifty dollars for pursuing the business of private banking in conformity to the provisions of Act 150 of 1890.
The answer of the defendant is that it is a duly organized corporation under the laws of the State, for the sole purpose of banking, and is-not liable for the license demanded, nor any other license for carrying on the business of banking. That its capital is twenty-five thousand dollars, and that it has no surplus. That it is not a private hank, but a public bank. That there is no law requiring a license from a bank with that capital and no surplus; and that it was not the ¡intention of the General Assembly of this State that such a bank should pay a license.
We extract from the brief of the defendant and appellant’s counsel the following, viz.:
“ This action is based on a rule to show cause, taken by the attorney to aid the collector of licenses, and directed against the defendant corporation as ‘ private bankers,’ and the demand is for a license of one hundred and fifty dollars for carrying on such business.
“The defendant’s answer is that it is not liable for the license asked (for nor any other license; that its capital is twenty-five thousand dollars, and that it has no.surplus; that it is not a private bank, but a public bank; that there is no law exacting such a license from such a bank with that capital and no surplus.”
From the petition, answer and brief it is easily and plainly discoverable that the case presents only a question of fact for determination, and no question of the .legality or constitutionality of the license that is sought to be recovered from the defendant.
As plainly stated in defendant’s brief, his contention is that “ it is not a private bank, but a public bank.”
It is perfectly clear that this court has no jurisdiction of this cause —the amount in controversy being less than two thousand dollars in amount.
The appeal must be dismissed ex proprio motu.
It is therefore ordered and decreed that the appeal in this cause be dismissed at appellant’s cost.