*1742 The opinion of the court was delivered by
Nicholls, C. J.
George Asbury, Jr., the appellant herein, having-been indicted jointly with Columbus Henderson and Sam. Butler for-violation of Sec. 852 of the Revised Statutes, and having been put on trial and found guilty as charged, was sentenced to five years’' imprisonment at hard labor in the penitentiary. He has appealed..
He reserved during the trial two bills of exception, identical in character, differing only in the fact that the testimony of two different witnesses was permitted to be received over defendants’ objections, a separate bill being taken as to each of the witnesses. The bills declare that the State having offered Columbus Henderson and-Sam. Butler as witnesses against George Asbury, Jr., then being on trial, the accused objected to the witnesses on the ground that they had been jointly indicted with him for the same offence, and being-on trial at the same time with the accused they were for that reason not competent witnesses. The court ruled “ that inasmuch as the witnesses placed on the stand were no more on trial, because they had plead guilty of the charge, and the only party on trial in the case before the jury was George Asbury, Jr. (the said witnesses though convicted not being on trial with George Asbury, Jr.), they were competent witnesses under the provisions of Act No. 29 of 1886, and the decisions of the Supreme Court in State vs. Mack, 41 An. 1079, and State vs. McManus, 42 An. 1194.”
The minutes show that Columbus Henderson and Sam Butler were-arraigned under the indictment on the 22d of September — pleaded not guilty and asked for trial by jury — and the case was fixed for trial-for the twenty-sixth of the month.
That on the 23d of September, George Asbury, Jr., was arraigned,, pleaded not guilty, and asked for trial by jury, and his case was also set for trial for the twenty-eighth of the month.
The minutes of the 28th of September, under the title of the State vs. George Asbury, Jr., et al., recite that “Columbus Henderson and Sam. Butler, being brought into court, withdrew their plea of not .guilty and entered a plea of guilty, and were remanded to jail to-await sentence. That the case was called for trial by jury as against George Asbury, Jr., and that the State and defendant being ready for trial, the jury was ordered and was duly empaneled and sworn’ ’ (naming the jury).
“ That after hearing the testimony of witnesses, arguments' of *1743 counsel and charge of the presiding judge, the jury retired to their room of deliberation.
“ That returning into court, the prisoner being present, the jury rendered a written -verdict ‘ guilty as charged.’ That the verdict was ordered recorded, the jury discharged and the prisoner remanded to jail to await sentence.” The minutes of the 15th of October, under the title of the State vs. George Asbury, Jr., et al., recite that “ the prisoners, George Asbury, Columbus Henderson and Sam. Butler, being brought into court, the court sentenced each of them to imprisonment at hard labor in the penitentiary for five years.”
The only party before the court complaining is George Asbury, Jr.
It is very clear that, although Oolumbus Henderson and Sam. Butler were jointly indicted for the same offence with George Asbury, Jr., that they were not tried at the same time with the latter. Asbury was tried', by a jury, while Henderson and Butler seem to have been sentenced by the court on the strength of their plea of guilty. While the sentences of all three were entered at the same time, the jury were never called upon to pass, nor did they ever pass, upon the case of either Henderson or Butler.
The recital in the bills that the parties named were, when offered as witnesses against Asbury, on trial with the latter under a joint indictment against the three for the same offense, is not borne out.
The first section of Act No. 29 of 1886 declares that the competent witness in all criminal matters shall be a person of proper understanding * * * and the second section, that the circumstances of the witness being a party accused shall in no wise disqualify him from testifying; provided, that no one shall be compelled to give evidence against himself; and, provided, that if the person accused avails himself of this privilege, he shall be subject to all the rules that apply to other witnesses, and may be cross-examined as to all matters concerning which he gives his testimony; and, provided further, that his failure to testify shall not be construed for or against him; but all testimony shall be weighed and considered according to the general rules of evidence, and the trial judge shall so charge the jury.
In State vs. Mack, 41 An. 1082, this court said: “ The objection to the competency of a witness on the ground that he had been convicted and sentenced for grand larceny has no force since Act No- *1744 29 of 1886, which provides that “the competent witness in all criminal matters shall be a person of proper understanding,” with certain exceptions not germane to this point. This is the first statute passed on this subject in this State. Prior thereto the case was governed by the rules of the English common law as existing in 1805, which excluded convicted and sentenced felons. State vs. Millen, 33 An. 159; State vs. Benoit, 16 An. 273. But since the matter has now been regulated by statute no disqualifications can now be recognized outside thereof.
The doctrine announced in State vs. Mack was reaffirmed in State vs. McManus.
Appellant referring us to State vs. Prudhomme, 25 An. 522, in which the court said : “It makes no difference whether an accomplice who becomes a witness has been convicted or not, or whether he be joined or not in the same indictment with the prisoner to be tried, provided he be not put upon his trial at the same time,” calls our attention by italics to the concluding words of the quotation.
It is unnecessary to express any opinion as to what in the present ■condition of our statutes might have been the legal situation, had in point of fact the witnesses named testified in the cause while on trial with the appellant. The facts of the case are not as the bills of exception assume them to be. We find no legal ground for reversing the judgment, and it is hereby affirmed.