The opinion of the court was delivered by
Nicholls, C. J.
Relator alleges that T. A. Roy, mayor of the corporation of Mansura, in the parish of Avoyelles, instituted proceedings by attachment against his property in the Third Justice’s Court of that parish in enforcement of a license for seventy-five dollars alleged to be due by him to said corporation as a peddler. That relator resisted said claim by pleading the general denial, specially denying thaa he was a peddler or that he owed said corporation anything on that or any other account whatever. • That on the trial of the cause it was admitted by the attorneys of both parties that defendant in the suit was the agent of one J. J. Landrenen, a rice planter in St. Landry parish; that defendant as agent aforesaid was selling rice grown upon the said Landrenen’s plantation in St. Landry parish, in the corporation of Mansura, in a wagon drawn by two horses; that defendant’s stock of rice amounted to the value of more than ten dollars, and that said Landrenen was producing said rice for the purpose of selling the same.
That judgment was rendered against him in said justice’s court, and that .from said judgment he took a suspensive appeal to the Tenth Judicial District Court for the parish of Avoyelles, presided over by E. North Oullom, Jr. That the said mayor made a motion in the said District Court to dismiss said appeal upon the ground that the District Court was without jurisdiction ratione materise of said cause for the reason that the question of the legality or constitutionality of a license tax imposed by a municipal corporation was involved and that appeals in all such cases were to be made returnable to the Supreme Court and not to the District Court.
That the said District Court sustained said exception and dismissed said appeal with costs. That the conduct of the District Judge in dismissing said appeal was arbitrary and illegal, and that said District Cou:t was vested with jurisdiction of said cause for the following reasons, to-wit:
That the pecuniary amount involved was sufficient to give said District Court jurisdiction of said cause. That relator did not and *1746 had never attacked or brought into question the constitutionality or legality of Act No. 78 of the acts of 1896, or of the municipal ordinance of the said corporation of Mansura under which said license was imposed. That he simply contended that he was not a hawker or peddler within the meaning and intendment of said act or ordinance, which did not cover and was not intended to cover the case of a farmer marketing his own produce as relator was doing when proceeded against by the attachment of his property in said proceeding. That the said arbitrary and illegal actioii of said judge in refusing to entertain jurisdiction had resulted in great damage to relator. That he had no remedy by appeal or otherwise to compel the District Judge to exercise jurisdiction in said cause except by application to the Supreme Oourt to exercise its supervisory power over inferior courts under the Oonstitution of the State. In view of the premises he prayed that writs of certiorari issue, commanding said judge to send up a certified copy of the proceedings in the cause to the end that their validity might be ascertained, and that after due proceedings a writ of mandamus issue from the Supreme Oourt directed to the said judge, ordering and commanding him to try and decide said cause, and he prayed for all such other orders and decrees necessary in the premises. A writ of certiorari issued as prayed for. The records ordered to be sent up were forwarded to the court, accompanied by a return or answer of the District Judge, in which he averred that the relator was in truth as in fact, as disclosed and admitted in open court, selling rice grown and produced in St. Landry or Acadia parish. That he acted for himself or through his agent in peddling the product aforesaid to the people of Mansura and vicinity. That the corporation was justly entitled to levy and collect the license tax of seventy-five dollars, and that the judgment of the magistrate’s court was correct. That the validity of the license tax was at issue in the proceedings, and under the law the appe.cl from the magistrate’s court condemning said sheriff should have been taken directly here-from to the Supreme Oourt. That he declined jurisdiction under the pleadings aud facts ratione materise.
That on motion in the District Oourt to dismiss relator’s appeal it was admitted that the town ordinance under which relator was sought to be made liable for a license tax was passed under authority of Act No. 78 of 1896, and that the class under which the proceeding was instituted, and which is embodied in said ordinance, is that of license for peddlers, and is in words and figures as follows: “That each and *1747 every peddler or hawker other than peddlers of fruits, vegetables, oysters, poultry, or eggs, shall pay an annual license graded as follows: When traveling on foot, ten dollars; when traveling on horseback, twenty-five dollars; when traveling in a horse vehicle, forty dollars; when traveling a two-horse vehicle, seventy-five dollars, and that the license was so graded for persons carrying on their business within the town.”
That it was “further admitted that counsel for relator expressly stated to the court that he was not attacking the constitutionality of Act No. 78 of 1896, nor the constitutionality or legality of the town ordinance under which the license was being attempted to be enforced.” The facts of the case were admitted to be as stated in relator’s application to the Supreme Ooart fcr a mandamus.
It is evident that were we to grant the mandamus asked for, that under the views entertained and expressed by the District Court as to the law of the case, relator would as a practical matter take nothing through this application.
The action as brought was a civil action before a justice of the peace, involving an amount of seventy-five dollars. Its d. cisión might or might not involve a finding of facts by the justice. If the facts set up should be admitted by defendant the case would present simply a question of law. If the facts should be disputed, the amount involved being sufficient to give appellate jurisdiction to the District Court, defendant would be entitled to an appeal to that court to have a final determination upon the facts. The issues raised by the defendant would determine whether or not the case should properly pass for adjudication to the District Court. Had not the issues which were involved been brought in limine to the attention of the District Court through a motion to dismiss, there is no doubt that the District Court would have primarily entertained jurisdiction, but with the ultimate result of a dismissal. Relator admitted both in the Justice’s Court and in the District Court all the facts going to establish his liabilty under the ordinance, but contended that with such facts admitted he was not as a matter of law liable for the license. Relator denies that there was any question before the District Court as to the constitutionality or legality of the ordinance under which the license was claimed. He avers that he conceded that it was legal and constitutional, and that his contention was simply that the justice erred in making the ordinance extend to and cover a case not contemplated by it or falling under its provisions.
*1748 The authorities representing the town of Mansura did not admit that the ordinance was not intended to reach such a case as that presented in this record, but maintained, on the contrary, that relator’s business fell under its precise terms.
There is no doubt that, under the facts admitted, the occupation pursued by relator fell under the terms of the ordinance. It could only escape from the operation of the provisions of the ordinance by maintaining that it could not legally have been made to so fall, or, in other words, that the ordinance as it reads was illegal. Relator’s contention is in reality a claim that the ordinance should have been so framed as to exclude him from the operation of its provisions, and that by reason of its failure to so exclude a case of this character the ordinance is illegal. The necessities of relators forced him to take this position in fact, though not in express words.
■ We are of the opinion that the action of the District Court in refusing to decide the point of law submitted to it was correct.
For the reasons assigned it is ordered that the orders heretofore rendered be set aside, and it is now ordered that relator’s application for a mandamus be and the same is hereby refused.