## No. 12,807.

## T. A. Roy, Mayor, vs. Eli Schuff.

### Syllabus.

#### On Motion to Dismiss.

The Supreme Court in a prior case, between the same parties decided, that a question of law was involved of which the District Court did not have jurisdiction as an appellate tribunal from judgments rendered by a justice of the peace. It followed that this court has jurisdiction, and that the finding of the court that there was a question of law involved is binding on all parties who are concluded from reversing the point that no question of law regarding the license tax claimed was involved.

#### On the Merits.

The farmer who sells his crop in a small wagon (retailing it) is not a peddler, and he is not liable under a license law, requiring peddlers to pay a license.

ON APPEAL from the Third Magistrate's Court for the Parish of Avoyelles. *N. H. Zimmer, J.*

---

*Couvillon & Son* for Plaintiff and Appellee.

---

*A. V. Coco* for Defendant and Appellant.

---

Argued and submitted December 19, 1898.
Opinion handed down January 9, 1899.

The opinion of the court was delivered by

BREAUX, J. The municipal authorities of the town of Mansura took action to compel the defendant to pay a license tax of seventy-five dollars imposed on peddlers.

The defendant contended that he was not a peddler.

The issue before us is whether a planter who sells his crop of rice in parcels, from place to place, is a peddler, within the intendment of an ordinance requiring peddlers and hawkers, excepting those peddling fruits, vegetables, oysters, poultry and eggs, to pay an annual license.

## ON MOTION TO DISMISS THE APPEAL.

Plaintiff and appellee moved to dismiss the appeal, on the ground that the Supreme Court is without jurisdiction; the amount in dispute, he alleged, was less than the *minimum limit,* and the constitutionality or legality of the license was not at issue.

This case was before the court in 1897, on the relation of the defendant, who applied for a writ of *certiorari* and *mandamus.*

The justice of the peace court condemned the defendant to pay the license.

From the judgment an appeal was taken to the District Court of the parish of Avoyelles.

Before that court the Mayor, who is the appellee here, made a motion to dismiss the appeal upon the ground that the District Court was without jurisdiction, as the legality or constitutionality of a license tax was involved.

This motion was sustained by the District Court.

Whereupon the defendant, relator in the application for *certiorari* and *mandamus,* applied to the Supreme Court to compel the District Court to rescind the judgment dismissing the appeal, and resume jurisdiction of the case.

The Supreme Court decided, in disposing of the application for *certiorari* and *mandamus,* that the action of the District Court in dismissing the appeal was correct, and that the question of law involved was within the jurisdiction of the Supreme Court. State *ex rel.* Scheff vs. Judge, 49 An. 1744, 1748.

After the dismissal of the appeal, and this court's action as just stated, defendant was granted an appeal to the Supreme Court.

That appeal is now before us. The appellee moves to dismiss on the grounds that we have already stated.

These grounds received the court's attention on the application for writs of *certiorari* and *mandamus,* and on that application, contradictorily with all parties concerned, the court determined that the District Court, for reasons stated, had no jurisdiction.

It follows, inevitably, that the Supreme Court has jurisdiction.

The decision in the cited case correctly, we think, disposed of the point involved, and properly determined that the question was one of law, of which this court had jurisdiction.

The question was so finally decided that there was no necessity of our looking into the reasons of the court for holding as it did. But we, none the less, reconsidered the matter and found, as heretofore, that the legality of a tax was contested; that it was claimed that an error had been made by the justice of the peace court in recording a decision to compel the defendant to pay a license, under a law, which it was contended was illegal as to him. (Although counsel for defendant appeared before the District Court and urged that the court had jurisdiction.)

That issue having been decided against, and the decision having been affirmed on appeal to this court, to which it was manifest, the case was appealable from the first.

### On the Merits.

Article 206, of the Constitution of 1879, was brought to our notice. It exempts all persons engaged in agricultural pursuits from the payment of a license tax.

It appears that the rice was produced on a farm not very far from the town of Mansura, and that it was being sold in that town for his (defendant's) account, when demand for the payment of a license was made.

The sowing of rice, tilling, gathering, and converting it into an article of food was the work of the owner, for whose benefit it was offered for sale.

The claim on the part of plaintiff is that, in offering the rice for sale in the manner it was offered, he became a peddler, and liable for a license under the law 78 of 1896, and an ordinance drawn under it

by the municipal authorities of the town of Mansura, imposing a license tax on peddlers.

A peddler, as we take it, is anyone who sells anything having value, bought by him, and sold from place to place in small quantities. He is engaged in a small business, something of a trader.

The definition does not take in the farmer who travels about in a small wagon, in dust and heat, or on heavy roads, selling his crop; retailing it in small quantities.

He is not a small trader who deals in a number of wares or commodities. He was only carrying out the purpose he had in view in making the crop, to sell it at retail or wholesale, as deemed most advantageous to him as a farmer.

The selling was an incident of farming it may be said. It was a part of his pursuit as a farmer, and he thereby in no way became a peddler or a merchant.

The exemption covers both the farmer and the sale by the farmer of that which his industry produces.

Rice gathered in the field and placed in sacks is, unquestionably, an agricultural product.

The decision referred to by counsel for plaintiff in which it was held that the manufacturer of wine, from his own grapes (to quote the language of the decision), is "not 'an agricultural product," although manufactured from such product, does not apply to the case before us for decision. Town of Mandeville vs. Baudet, 49 Ann. 236.

Here the amount received for an agricultural product was realized as a return for the farmer's labor, clearly exempt under the Constitution. Adler, Goldman & Co. vs. Assessors, 37 An. 807.

For reasons assigned, the judgment appealed from is annulled, avoided and reversed; the demand of the plaintiff and appellee is rejected at his costs in both courts.