No. 13,431.

O. R. Moss vs. Newhouse & Foraz.

SYLLABUS.

To warrant the Supreme Court in entertaining jurisdiction of an appeal from a judgment in a justice court taken upon the ground that the legality or constitutionality of an ordinance imposing a fine or tax was in contestation therein, it must not only appear that pleadings in the case raised that issue, but the facts therein called for that issue and for a decision thereon.

A PPEAL from the Third Justice's Court, Parish of Calcasieu.— *Wasey, J.*

----

*A. R. Mitchell* for Plaintiff, Appellant.

----

*E. D. Miller* for Defendants, Appellees.

STATEMENT OF THE CASE.

The opinion of the court was delivered by

NICHOLLS, C. J. The defendants are butchers, residing in the Third Ward of the Parish of Calcasieu, and slaughter their cattle in that ward.

The plaintiff's demand against them was for three dollars and fifty cents, as inspection fees due him as an "inspector of butchered cattle and stock," under an appointment as such from the Police Jury of the Parish of Calcasieu.

Plaintiff, in his testimony, declared "the account sued on was true and correct according to the charges fixed by the ordinance of the Police Jury, under which he was acting."

The ordinance referred to was as follows:

"On motion duly seconded and carried: 'Be it ordained by the Police Jury of Calcasieu Parish, that the Police Jury be and is hereby authorized to appoint an inspector of slaughtered cattle, or cattle to be slaughtered in the parish, and said inspector of cattle shall receive from the owner of such slaughtered cattle," * * * (fixing rates).

The defendants, assuming that plaintiff's demand was based upon the above ordinance, attacked its legality on various grounds.

The justice of the peace, after hearing evidence, rejected the demand, and plaintiff, under the belief that the case was appealable to this court, has brought it before us for decision under Article 85 of the Constitution.

The ordinance shows that the plaintiff was not appointed by the Police Jury "an inspector of slaughtered cattle," or "cattle to be slaughtered in the parish," but as "inspector for the Third Ward of the Parish of Calcasieu."

The judgment of the justice of the peace was as follows:

"This cause coming up regularly for trial after issue joined by answer filed, and the law and the evidence being in favor of the defendants, and aginst the plaintiff, it is by reason thereof, ordered, adjudged and decreed that plaintiff's demand be and the same is hereby rejected at his costs."

The judgment does not pass upon the legality or constitutionality of the ordinance, and the particular grounds upon which it was based do not appear. It is true that the defendants, in their pleadings, attacked the legality of the ordinance of the Police Jury, but the evidence shows that plaintiff's appointment was not based upon that ordinance, and the only inspection fees fixed therein were those of the particular officer authorized to be appointed thereunder.

Defendants' attack on the ordinance was, therefore, uncalled for by the facts, and any decision upon its legality would have been made independently of any issue actually in the case.

It may well be, and we so assume, that the judgment rendered was based upon the facts which were developed in the evidence, and that the court held that the tariff of fees fixed by the ordinance did not apply to the services rendered by him, and, therefore, he could not recover.

To justify an appeal to this court, from a judgment on a claim of so small an amount as that advanced by the plaintiff, the facts, which alone authorize the appeal, should affirmatively appear.

We can not take jurisdiction of a case simply because the pleadings in it have raised the question of the legality or constitutionality of a municipal ordinance. The judgment rendered must have turned upon that issue, and not upon issues of fact under which the determination of the question of the legality of the ordinance would entirely disappear.

We think this appeal should be and it is hereby dismissed.