The opinion of the court was delivered by
Blanchard, J.
This case involves a controversy as to the amount of license due by defendants to the State under Section 6 of Act 150 of 1890 for the several years named in the rule.
The question presented is whether defendants, who paid license as wholesale grocers for each of the years, are liable, under the provisions of the statute, for an additional license for selling liquors in quantities less than five gallons.
The tax collector, construing the law to mean that defendants, because selling liquors in quantities less than five gallons, must pay an annual, retail license of $100 in addition to the annual license for the same amount which they pay for conducting the business of wholesale grocers, demanded its payment and being refused proceeded by rule to enforce its payment.
*2127 Defendants resist the imposition of this license tax, in effect, claiming that under the law they do not owe it.
Whether they owe it or not depends upon the construction to be-placed upon the statute heretofore referred to.
It is, therefore, clear that the case presents the question of the-legality of the tax thus sought to be imposed.
If the statute authorizes the tax collector to demand and collect the-same, the tax is legal; otherwise it is illegal.
Judicial interpretation of the statute is necessary to determine-this.
In such case the Constitution vests this court, and it alone, with appellate jurisdiction.
It was, therefore, error in the Court of Appeals for the Parish of Orleans to entertain jurisdiction and to proceed to determine the issue, presented.
The question of payment of an additional license tax, under an exactly similar license law, was determined in City vs. Clark & Meader, 42 La. Ann. 9, and this court took appellate jurisdiction irrespective of the amount involved.
In State vs. Sies, 30 La. Ann. 918, the question was, is defendant liable for a license of $85 as keeper of a coffee house, in addition to that of $15.00 which he had paid as a retail grocer. It was held, on the-motion to dismisss, that the determination of the question involved the legality of a tax and this court alone had jurisdiction of the appeal..
The legality of a tax is brought in question when the contention is that there is no law to authorize its imposition. Its illegality is determined when it is held there is no law for its imposition, or that it is-imposed in violation of law. The interpretation and construction of a tax law, with reference to whether or not the tax claimed under it. is due, necessarily brings in question the legality of the tax.
Gallis vs. Clayton, 33 La. Ann. 285; Adler, Goldman & Co. vs. Board, 37 La. Ann. 507; Canal Co. vs. Lugger Co., 37 La. Ann. 100; State ex rel. Scheff vs. Judge, 49 La. Ann. 1744; Ray vs. Scheff, 51 La. Ann. 86.
The appeal should have been directly from the District Court here. This is the only court that could entertain the appeal under the constitution.
We can not sanction the practice of a case coming to us for adjudication upon its merits through a tribunal not authorized to entertain the appeal.
*2128 . We sit to review the action of the Courts of Appeal in cases where we think proper to grant the writ of review, but the Supreme Court- is not an appellate tribunal for the Courts of Appeal.
The writ was granted in this case, and sitting in review of the action of the Court of Appeals upon it, we find its judgment void because it was, as to the cáse, an incompetent tribunal.
All we can do is to set aside this void judgment and give instruction to the court, from which our writ brought the case, to decline jurisdiction.
Any other course would be to permit a case, as to which an appeal would only lie here, to reach this court in a mode other than' by appeal, and without an appeal bond- — a prerequisite to all appeals except those taken by the State, or its political subdivisions to which the right of appeal is given by law without bond.
We hold it competent for this court, acting on a case brought before it by its writ of review, to pronounce void the judgment of the Court of Appeals for want of jurisdiction of that tribunal. But we decline to pass upon the merits of the case, coming before us in this irregular and round-about way, when by proper action taken to bring it here on .appeal from the court of the first instance, its adjudication upon the merits could have been had in the way provided by law.
After the appeal is dismissed from the Court of Appeals, if it still be timely, the case may be appealed in. the regular way to this tribunal. If now toó late to appeal here, the party cast in the District Court must’ .abide the consequence of his error.
It is, therefore, ordered and decreed that the judgment herein of the Court of Appeals be set aside, and that the case be remanded to that tribunal with instruction to decline jurisdiction and to dismiss the appeal.
Watkins, I. takes no part — absent on account of illness.
Monroe, I., takes no part, having decided the case in the lower court.
Rehearing refused.