No. 14,280.

STATE OF LOUISIANA vs. DELGADO & Co.

### SYLLABUS.

When the State Tax Collector proceeds to enforce the payment of additional licenses, for past years, exceptions and defenses to the effect that the licenses have been paid upon the basis of sworn statements, made by the party proceeded against and accepted by the then tax collector, and that such collector, or his successor, is without authority so to proceed, and is estopped; that the law providing for the collection of such licenses has

been repealed; and that the law under which the proceeding is conducted confers no authority therefor; that the collector has failed to proceed promptly, with his collections, to keep a license register, and to furnish a list of delinquents; and that he has no right to demand penalties, present questions which affect not the constitutionality or legality of the tax, but the remedy of the State and the alleged omissions, errors and unauthorized proceedings of her officers in the matter of enforcing payment of such tax, and, hence, confer no jurisdiction on this court.

CERTIFIED from the court of appeal, parish of Orleans, by the Judges thereof applying for instructions.

---

*Hugh C. Cage,* for State Tax Collector, Plaintiff, Appellee.

---

*Clegg & Quintero,* for Delgado & Co., Defendants, Appellants.

---

The opinion of the court was delivered by

MONROE, J. The judges of the court of appeal for the parish of Orleans propound the question: " Has the appellate court, save and except the supreme court, alone, jurisdiction in the cause?"

The statement which precedes the question includes the exceptions and answer of the defendants to a rule to show cause, taken on behalf of the State, but does not furnish us with the rule, itself, from which omission there arises some uncertainty as to the precise legal propositions involved. Interpreting the application as best we can, under these circumstances, we understand the "cause" referred to in the question to be as follows:

The State Tax Collector rules Delgado & Co. to show cause why they should not pay an additional license tax of $350, as wholesale sugar merchants, for each of the years 1897, 1898, 1899 and 1900. The defendants have already, in due season, paid state licenses for each of said years in the amounts for which, under their construction of the law, they considered themselves liable, and they resist the present demand on the grounds, that they owe nothing more, and that the State has no right to exact the additional tax claimed. The exceptions and answer filed on behalf of the defendants, which the applicants make part of their statement, seem to assume that the collector is proceeding exclusively under the authority of Act 171 of 1898, and is claiming additional licenses imposed by that statute not only for the years following its enactment, but for the years 1897 and 1898, the licenses for which had been fixed and collected, in whole or in part,

under pre-existing law. From the explanations, or argument, which also accompanies the statement, we, however, conclude that the applicants consider that the State predicates its right to demand additional licenses for the years last above mentioned upon the law, previously enacted, whereby the amounts of such licenses were fixed in advance, and upon the proposition that the defendants have only paid *in part* the amounts so fixed and are indebted to the State for the balances. In the absence of the rule taken on its behalf we assume this to be the state's position, and will proceed to consider that of the defendants with a view of furnishing an answer to the question propounded; bearing in mind, in so doing, that, as the *amount in dispute* is insufficient to give jurisdiction to this court such jurisdiction must attach, if at all, upon the ground that there is involved the question of the constitutionality or legality of a tax.

The propositions presented by the exceptions and answer, filed on behalf of the defendants to the rule taken against them, are, substantially, as follows, to-wit:

1. The defendants say that they made sworn returns for license purposes for the years 1897 and 1898 as required by Act 150 of 1890; that the, then, collector was satisfied with the same and issued a receipt showing the payment of their licenses for those years; that the present collector and his attorney are without authority to make any demand upon defendants with respect to said licenses for the reason that their authority, if any they have, is derived from Act 171 of 1898, which levies licenses for the year 1899 and subsequent years, and took effect only upon January 1st, 1899; and that said collector has no right, now, to be, "not satisfied", with the sworn statements made by them for the years 1897 and 1898, which were satisfactory to the, then, collector, and has no right to proceed against them under Act 171 of 1898 with respect to any licenses "due by respondents for the years 1897 and 1898."

2. That Act No. 150 of 1890 has been repealed and is now without force or effect.

3. That, for the years 1899 and 1900, respondents made sworn statements for license purposes, as required by law, and that the collector was satisfied therewith and issued receipts showing payments by respondents of their licenses for those years, and that the present collector is without authority to express dissatisfaction with said statements or to institute any proceedings with respect to said licenses.

4. That during the years 1897, 1898, 1899 and 1900, John Brewster,

the, then, tax collector of the district in which respondents conduct their business, expressed no dissatisfaction with the sworn statements made by them and did not traverse the same by rule or intimate that he so intended, and that John Brewster, now tax collector for said district is, without authority to ascertain the amount of the license due by respondents for said years, or to be "not satisfied" with the sworn statements which were accepted and acted on by the officer to whom they were delivered, and that said John Brewster, plaintiff in rule, is estopped to make the present demand.

5.   That Acts 150, of 1890, and 171, of 1898, require tax collectors to collect licenses as rapidly as possible, and to keep a license register, and to furnish a list of delinquents, which requirements have not been complied with, and that the present proceeding is not authorized by said acts.

6.   That respondents are not, and have never been, delinquents for licenses, but have paid what was demanded of them and what was ascertained to be due, and that the plaintiff is without authority to demand any penalties for non-payment.

7.   That, in the event of their exceptions being overruled, respondents further show that they have paid all licenses due by them for the several years mentioned in said rule.

A careful examination of these grounds of exception and defense fails to disclose that they raise any question as to the constitutionality or legality of the tax claimed.   The license taxes for the years 1897 and 1898 were imposed under the authority of Act No. 150, of 1890, and those for the years 1899 and 1900 under the authority of Act 171, of 1898.   The respondents do not question the constitutionality of either of those statutes; they do not deny their liability for the licenses upon the bases established by them; nor do we find any issue presented upon the subject of those bases.   The defendants made their sworn statements with a view of conveying certain information to the collector, upon the faith of which he received payment of their licenses.   If, instead of so doing, the collector had, then, said "these statements are incorrect and I shall traverse them, by a proceeding in court," the only question presented would have been; "are the statements true or untrue, do they give the defendants' gross annual receipts correctly, or do they not?"   And that question, whether presented then, or now, suggests no doubt as to, but, in its nature, admits, the constitutionality and legality of the tax, the amount of which, alone, is thereby made

the subject of inquiry. Equally is this true of the proposition that the sworn statements made by the defendants, having been accepted by the collector, cannot now be questioned by him or by his successor. Those statements, of themselves, in effect, admitted the taxes, for the purposes of which they were made, to be constitutional and legal, and, whether, the collector could, then, or can, now, dispute their correctness, as to the facts recited, in no manner affects that question. If it be true that Act No. 150, of 1890, has been repealed, and that there is now no law under which licenses imposed by that statute, and still unpaid, can be collected, it might result that the State has cut herself off, by depriving herself of all remedy, from the collection of a portion of her taxes, but it does not follow that the taxes of which she is thus deprived are either unconstitutional or illegal. Nor, if it be true that the collector is endeavoring to enforce the payment of the particular taxes in question under a statute from which he derives no authority, does it follow that such taxes are, or ever were, affected with unconstitutionality or illegality. And so, with regard to the collector's alleged failure to proceed promptly, to keep a register, to furnish delinquent lists, and his right to exact penalties. These, like the others, are questions which relate, not to the constitutionality, or legality, of the taxes, but to the remedy of the State and to the alleged omissions, errors and unauthorized proceedings of her officers, in the matter of enforcing payment of taxes, the constitutionality and legality of which are not in dispute.

It is "well settled that questions involving the legality of assessments and of over, and under, assessments and of the mode of levying and collecting the tax do not affect the legality or constitutionality of the tax itself, and, hence, that this court is not vested with jurisdiction, by reason of the fact that such questions are involved."

Koch vs. Triche, Sheriff, etc., 52 Ann. 833 (and authorities there cited).

See, also, State vs. King, & Putnam, 106 La. 88.

It may be remarked that the learned judges by whom this application is made seem to have labored under some misapprehension as to what was decided in the case of Koch vs. Triche (*supra*) since, after quoting at some length from the original opinion, they say: "The motion to dismiss was denied," whereas a rehearing was granted and the appeal was dismissed. See case, as reported, 52 Ann. 834.

Our answer to the question propounded is "Yes."

BLANCHARD, J., dissents.