adjudged, and decreed that the judgment appealed from be, and the same is hereby, affirmed.

---

(33 South. 756.)

No. 14,687.

STATE ex rel. I. L. LYONS & CO. v. JUDGES OF COURT OF APPEAL.

(Feb. 16, 1903.)

LICENSE SUIT—APPEAL BY STATE—JURISDICTION.

1. Where the issue involved in a license suit in the First city court was exclusively one of fact, the state had the right to appeal from an adverse decision to the court of appeal, as the "matter in dispute" was, as to amount, appealable to that court. Had the appeal been taken to the Supreme Court, it would have been dismissed. Sheriff v. Bank of Morgan City, 46 La. Ann. 1483, 16 South. 453; Moss v. Newhouse, 52 La. Ann. 945, 27 South. 536; State v. Tolman, 106 La. 662, 31 South. 320.

(Syllabus by the Court.)

Application by the state, on the relation of I. L. Lyons & Co., for writs of certiorari and prohibition to the judges of the court of appeal. Dismissed.

Benjamin Ory, for relators.    Respondent Judges, pro se.

Application for Writs of Certiorari and Prohibition.

NICHOLLS, C. J. The relator, a commercial firm, in business in the city of New Orleans, was, at the instance of the tax collector of the First District of New Orleans, ruled into the First city court of the city of New Orleans to show cause why, under the provisions of Act No. 171 of 1898, it should not pay a license for the year 1902 "for selling intoxicating liquors in quantities less than five gallons," with interest at 2 per cent. per month, and the 10 per cent. for attorney's fees provided for in that act. In the rule it was alleged that it was conducting such business, and that gross receipts exceeded the sum of $100.

In support of this demand the following interrogatories propounded to and ordered to be filed by the firm were answered as hereinafter stated:

"Int. 1. Have you not been conducting and carrying on business during the year 1902 as set forth in the rule taken on you in these proceedings, and are you not conducting and carrying on said business?

"Int. 2. Do not your gross receipts from said business exceed the sum stated in the rule?

"Int. 3. Were not your gross receipts from said business during the year 1901 between one hundred dollars and five thousand dollars?

"Int. 4. Do you not owe your state license for 1902 for conducting and carrying on business as set forth in said rule? And does not the total sum due by you amount to the sum claimed in said rule, with interest on said sum at the rate of two per cent. a month from March 1, 1902, ten per cent. thereon for attorney's fees, and all the costs of these proceedings?

"Int. 5. Do you owe any state license for the year 1902? If so, how much do you owe, and for carrying on what business?

"Int. 6. Are not all the statements and allegations in the rule taken herein true? If any allegation be untrue or incorrect, set forth the error, and correct the same."

The firm of I. L. Lyons & Co., and the individual members thereof, made the following answer to the rule:

"They plead the general denial, and answer the interrogatories propounded to them as follows:

"To the first interrogatory they say, 'No.'

"To the second interrogatory they say, 'No.'

"To the third interrogatory they say, 'No.'

"To the fourth interrogatory they say, 'No.'

"The firm of I. L. Lyons & Co. keep in stock, among their drugs and medicines, whiskies, brandies, and other alcoholic stimulants for medicinal purposes only. Such small quantities of liquor or alcoholic stimulants as is kept in stock is all marked on the outside of the bottles, 'For medicinal purposes only,' and specific instructions are given to all the clerks not to sell any liquor of any kind, except when ordered for medicinal purposes. We in fact carry out in the strictest manner the provisions of section 6 of Act 171 of 1898, relative to drug stores selling vinous, spirituous, or alcoholic liquors in less quantities than one quart. We therefore do not sell liquors as retail liquor dealers, within the intent and true meaning of the license law of 1898."

To the fifth interrogatory they say:

"Neither the firm of I. L. Lyons & Co. nor any of its individual members owe any state license for the year 1902 or previous years as retail liquor dealers, as they are not engaged in that line of business in any manner whatsoever, and do not sell liquor of any kind, except for medicinal purposes."

To the sixth interrogatory they say:

"None of the statements and allegations contained in the rule taken herein are true, wherefore they pray that the rule taken be discharged, and that they be dismissed, without costs."

The law upon which the claim for license is predicated is the sixth section of Act No. 171 of 1898, which provides, first, for license on wholesale mercantile business, whether as principals or agents; and, second, for licenses on retail dealers, whether as principals or as agents.

The lawmaker divided the wholesale dealers into 16 classes, and the retail dealers into 24 classes, fixing the amount of license for each class. At the end of that portion of the section fixing the license for wholesale dealers of the sixteenth (the last) class the law declares:

"Provided—that no person or persons shall be deemed wholesale dealers unless he or they sell by the original or unbroken package or barrel only, and provided further that no person or persons shall be deemed wholesale dealers unless he or they sell to dealers for resale. If they sell in less quantities and unbroken packages or barrels they shall be considered as retail liquor dealers and pay licenses as such."

At the end of that portion of the section fixing the license for retail dealers of the twenty-fourth (the last) class the law declares:

"Provided, that if any distilled, vinous, malt or other kind or mixed liquors be sold in connection with the business of retail merchant, grocer, oyster house, confectionery, or in less quantities than five gallons, the license for such additional business shall be as hereinafter provided for in section 13 of this act: provided, further, that no license shall issue to sell liquors in less quantities than five gallons for less than one hundred dollars, $100."

"Provided, that retail drug stores owned or controlled and managed by a regularly licensed graduate of pharmacy, and selling vinous, spirituous or alcoholic liquors in less quantities than one quart, as drug or medicine only, shall pay the license mentioned in this section, and shall not be required to procure the license required for saloons etc., under this act as retail liquor dealers."

"Provided further that if drug stores, soda fountains, or other aeriated water dealers offer for sale in connection with such waters any vinous, spirituous or alcoholic liquors, such drug stores, soda fountains or dealers shall be required to take out license as retail liquor dealers as saloons, barrooms, etc., as provided in section 13."

The license referred to as fixed in section 13 of the act is that for every business of barroom, cabaret, coffee house, beer saloon, liquor exchange, drinking saloon, grog shop, beer house, beer garden or other place where anything to be drunk or eaten on the premises is sold directly or indirectly. The business so provided for was divided into eight classes, a license being fixed for each class.

At the end of the paragraph fixing the license for the eighth (the last) class is the following proviso:

"Provided that no license shall be charged for selling refreshments for charitable or religious purposes: provided that no establishment selling or giving away, or otherwise disposing of any spirits or malt liquors in less quantities than one pint shall pay less than one hundred dollars ($100): provided further that when any kind of business provided for in this section shall be combined with any other business provided for in section 10, the same classification shall be made as prescribed in this section; but the price for the license shall be equal to the license required for each business separately."

We notice incidentally that the word "druggist," which is in the proviso to the state license law of 1886 (Act No. 101) just after the word "confectionery," has for some reason been omitted or dropped in the proviso of the sixth section of Act No. 171 at the end of the paragraph fixing the classification of wholesale dealers.

The First city court rendered judgment in favor of the defendants, and plaintiffs appealed to the court of appeal.

I. L. Lyons & Co. moved in that court to dismiss the appeal on the ground:

"First. That the First city court had no

right or jurisdiction to take cognizance of and decide the said suit filed therein by the plaintiffs, the claim asserted being for more than one hundred dollars, viz., one hundred dollars and ten per cent. attorney fees.

"Second. On the ground that the court of appeal was without jurisdiction to try the question of law involved in said suit under the provisions of article 85 of the Constitution of 1898, as understood by the Supreme Court, and as decided in State v. Rosenstream, 52 La. Ann. 2126, 28 South. 294; Roy v. Schuff, 51 La. Ann. 86, 24 South. 788; State v. Cullom, 47 La. Ann. 1744, 23 South. 253."

These exceptions were overruled, and judgment was rendered by the court of appeal reversing the judgment of the First city court, and rendering judgment in favor of the state for the sum of $100, with 2 per cent. per month interest from March, 1902, and 10 per cent. attorney's fees thereon, and costs of suit.

A rehearing was applied for, and refused, and the present application followed.

The writs asked for were granted, and the record has been sent up, accompanying the answer returned by the court of appeals.

### Opinion.

In their application the defendants urge that the court of appeals has no jurisdiction to determine said case, because the legality of a tax was brought in question, whereof the Supreme Court alone could decide.

Second. That the sole and only question in the case is whether the defendants, under the terms of the statute (Act 171 of 1898), are liable for the license of $100, for the privilege of selling liquors in less quantities than five gallons, in addition to the wholesale license, which they have already paid, as wholesale druggists.

Third. That the court of appeal has no jurisdiction to interpret or construe the language, terms, or phrases of a license tax law, this duty and power being vested in the Supreme Court alone, under article 85 of the Constitution of 1898, and under the decisions cited.

The judges of the court of appeal, for cause why the writs of certiorari and prohibition which had issued should not be made peremptory, stated that under the terms of the Constitution the case had to be tried de novo in the court of appeal; that the defendants renewed the defense they had made below, and undertook to show that as retail druggists they sold alcoholic liquors in less quantities than one quart as drugs or medicines only; but one of the members of the firm took the stand, and testified that the defense made by the attorney of the firm was erroneous; that his firm sold such liquors in quantities less than five gallons at retail to any one for any purpose as drug medicine, beverage, barroom use, or anything. He testified; but that they had done so for years, and had always paid license, state and city, for so doing. He further testified that his firm had paid state license for the current year (1902), for which they were being sued, and, if given the opportunity, he would go to the store and produce the license.

A recess was taken to enable him to do so. In the course of an hour, more or less, he returned, and frankly stated that he had been entirely mistaken, and that his firm had paid no such license. That thereupon his counsel filed a motion to dismiss the case upon the grounds stated that the First city court was without jurisdiction, the claim being more than $100, and the court of appeal had no jurisdiction to try the questions of law involved in said suit, under the provisions of article 85 of the Constitution. That the court of appeal overruled both pleas; the first on the authority of Liquidating Commissioner of the New Orleans Warehouse Company v. Marrero, Tax Collector, et al., 106 La. 130, 30 South. 305, and the second because it was considered that, when the defendants admitted in open court that they were selling alcoholic liquors at retail in less quantities than five gallons, and that they sold them to any one for any purpose, and when they admitted that they no longer pretended to claim the exemption of druggists who sell liquors for drug or medicine only, there was left for consideration no question of law to be determined. The facts necessary to make out the case were admitted, and the law, which says "that no license shall issue to sell liquors in less quantities than five gallons for less than one hundred dollars" was and is so plain as to leave no room or ground for doubt or construction. The court referred to Kock v. Tax Collector,

52 La. Ann. 825, 27 South. 354; State v. Pigot, 104 La. 683, 29 South. 335; State v. Putnam & King, 106 La. 88, 30 South. 285; and State v. Delgado & Co., 107 La. 72, 31 South. 389. It declared it considered that the cases of State v. Rosenstream, 52 La. Ann. 2126, 28 South. 294, Roy v. Schuff, 51 La. Ann. 86, 24 South. 788, and State v. Cullom, 49 La. Ann. 1744, 23 South. 253, had no application.

No evidence has been brought up other than the interrogatories propounded to defendants and their answers thereto.

The present application was made to this court on behalf of I. L. Lyons & Co. after the court of appeal for the parish of Orleans had tried and rendered judgment against them in the case of the State against I. L. Lyons & Co., before it on appeal, reversing the judgment in their favor which had been rendered by the First city court. Under article 143 of the Constitution, appeals to the first-mentioned court from the First city court of New Orleans are tried de novo.

The relief which relators seek at our hands would necessitate the setting aside of the judgment of the court of appeal and the dismissal of the appeal on which that judgment was rendered. We are asked to do this upon the ground that the tax collector should, if he felt aggrieved by the judgment in the First city court, have taken an appeal to this court, inasmuch as the matter in dispute involved "the legality and illegality of a tax."

This claim calls for an examination of the issues made in the First city court, and the situation of the case after the rendition of the judgment of that court. The demand against relators was for a license tax, interest, and attorney's fees for being "engaged in selling intoxicating liquors in less than five gallons."

Defendants answered, pleading the general issue, and embodying in the same their answer to six interrogatories which had been propounded to them. To the first three questions they simply answered, "No."

Negative answers were also made to the fourth, fifth, and sixth interrogatories, but the answers were amplified by statements, as hereinbefore recited.

It will be seen that the defendants denied all the facts upon which the rule was predicated, and affirmed that they did not sell liquors of any kind, except for medicinal purposes; that they had given specific instruction to their clerks not to do so.

The First city court rendered judgment in their favor. If there was any evidence taken in the case before that court other than defendants' answers to the interrogatories, the fact does not appear in the record. It may be that there was, but the court none the less decided against the state. That being the situation, what would have been the result had the state appealed to this court from the judgment? Evidently, we would have been forced to have dismissed the appeal, for the reason that the judgment was based upon and decided upon a mere question of fact. If true it was, as was sworn to by them, that was an end of the case, so far as we can understand the contentions raised by the pleadings. There was no question of law to be settled. Sheriff v. Bank of Morgan City, 46 La. Ann. 1483, 16 South. 453; Moss v. Newhouse, 52 La. Ann. 945, 27 South. 536. Had the defendants answered the allegations on the affirmative, contending that none the less they were not liable to a license, a different condition of affairs would have been shown by the record than what now appears.

We do not understand, when a party brought into the First city court on a claim for a license on the ground that he is selling spirituous liquors in quantities less than five gallons denies as a fact that he has done so, and swears to that allegation, that the state is concluded by a finding of fact by the court that such was the case, if the case, as to amount, was appealable to another court. Judgments of the First city court being appealable to the court of appeal, de novo, the state authorities had the right to submit the correctness of that decision of fact to the latter court. Relators refer the court to State ex rel. Schuff v. Cullom, 49 La. Ann. 1744, 23 South. 253, as supporting their position. There is a difference between the cases. In that case, when it reached the district court, the facts asserted by the state as giving rise to liability for a license had been admitted, but their legal consequences were denied, and therefore the only question left for the decision of the appellate court was a question of law; while in this case the facts themselves were denied in the pleadings, and the decision turned upon a

finding upon evidence adduced of the facts themselves. In the Schuff Case this court used the following language: "The action, as brought, was a civil action before a justice of the peace, involving an amount of seventy-five dollars. Its decision might or might not involve a finding of facts by the justice. If the facts set up should be admitted by defendant, the case would present simply a question of law. If the facts should be disputed, the amount involved being sufficient to give appellate jurisdiction to the district court, defendant would be entitled to an appeal to that court to have a final determination upon the facts. The issues raised by the defendant would determine whether or not the case should properly pass up for adjudication. Had not the issues which were involved been brought in limine to the attention of the district court through a motion to dismiss, there is no doubt that the district court would have primarily entertained jurisdiction, but with the ultimate result of a dismissal. Relator admitted both in the justice's court and in the district court all the facts going to establish liability under the ordinance, but contended that, with such facts admitted, he was not, as a matter of law, liable for the license. * * * We are of the opinion that the action of the district court in refusing to decide the point of law submitted to it was correct."

Relators, in their brief, say:

"We submit that the issue between plaintiff and defendants was unquestionably dependent upon the interpretation of section 6 of Act No. 171 of 1898.

"Plaintiff's contention was that, as defendants sold liquors in less quantities than five gallons, that fact alone made them liable to the license. Defendants' contention was that as the law—the last paragraph of section 6—was a provision applicable only to retail merchants, they, as wholesale dealers, could not be made liable under the provisions of the statute, which they contended was applicable only to retail dealers."

Relators say further in their brief: "No evidence whatever was taken in the First city court, other than the answers given by defendants to the interrogatories filed, and the case was based upon the interpretations

to be placed upon the last paragraph of section 6 of Act 171 of 1898."

In the First city court the presiding judge was of the opinion that the filing of the sworn answers was a sufficient compliance with the order requiring defendants to answer the interrogatories, and the case, as stated, was thereupon based upon the law and the facts elicited by the answers. It was admitted by counsel for the defendants that they (relators) carried on business both at wholesale and retail, and that in their wholesale department they sold liquors in less quantities than five gallons, though no sales were made in less quantities than one gallon; that in their retail department they sold liquors for medicinal purposes only. Plaintiffs contended this made the defendants retail dealers, and therefore liable to the exaction of $100, provided by the last paragraph of section 6 of said act. Defendants, on the other hand, contended that in their wholesale department they made no retail sales, and that the mere fact that they sold liquors in their wholesale department, as druggists, in less quantities than five gallons, did not make them retail dealers, and did not subject them, under a proper interpretation of the statute, to the license claimed by the plaintiffs, which says nothing as to relators being wholesale and retail dealers.

We find no evidence whatever of any such admission as is here declared to have been made in the First city court. Counsel say themselves the case was tried there upon the law and the facts elicited by the answers.

What the verbal contentions may have been in the First city court we do not know, but we do not think relators' pleadings and their answers to the interrogatories propounded to them sustain them in the proposition that they raised there the issue which they now say they did. The best test of this is to see what the result would have been had the state in fact appealed to this court on the record which was made in the First city court, and the relators had moved to dismiss the appeal on the ground that the lower court had decided the case in their favor on a pure question of the facts of the case. Could the state's appeal have stood with the lower court's decision against it on the answers made by the relators to the ques-

tions propounded on their plea of the general issue?

We do not think it could. We would have been forced to dismiss it. State v. Tolman, 106 La. 662, 31 South. 320.

Inasmuch as the state was entitled to an appeal somewhere on the mere question of fact as to whether relators had sold liquors in less quantities than five gallons or not, and as this court was not called on to decide that question under the conditions it was raised, the state, on that issue of fact, had the right of appeal to the court of appeal.

Under the circumstances and conditions that the present case went to the court of appeal, we think it had the right to pass upon and decide it. Relators were not cut off from all remedy, for they could have still brought up the legal question of "license vel non" (if that issue had become involved in that court) under our revisory jurisdiction under article 101 of the Constitution. The parties were not cut off from this right of revision by the right of appeal conferred by article 85.

Had the case been brought here by "appeal" from the judgment of the First city court, we would have been forced, as we have said, to dismiss it.

For the reasons assigned herein, it is hereby ordered, adjudged, and decreed that the orders heretofore given herein be set aside, and that relators' application be dismissed, at their costs.