LAND, J., recused, having presided in the court below.

_____

(36 South. 472.)

No. 15,167.

STATE ex rel. EQUITABLE LIFE ASSUR. SOC. OF UNITED STATES v. COURT OF APPEAL FOR PARISH OF ORLEANS et al.*

(March 28, 1904.)

COURT OF APPEAL — JURISDICTION—DISMISSAL OF APPEAL—LIABILITY TO LICENSE FEE.

1. Where a defendant resists a demand made upon him for a license upon questions of fact, and a judgment is rendered against him, he has the right to appeal to the Court of Appeal, if the amount involved is such as to make that court the proper appellate court on questions of fact. The Court of Appeal should not dismiss the appeal for want of jurisdiction ratione materiæ, simply because the case involved the question of the liability of the defendant to pay the license or tax. The legality of the tax was not at issue. The issue as to the liability of the defendant was dependent upon a decision of the question as to whether certain parties named were or were not, as a matter of fact, agents of the defendant.

(Syllabus by the Court.)

Application by the state on the relation of the Equitable Life Assurance Society of the

*Rehearing denied April 25, 1904.

United States, for writs of mandamus and prohibition to the Court of Appeal for the parish of Orleans and others. The judgment of the Court of Appeal, dismissing relator's appeal, annulled, and appeal reinstated.

Farrar, Jonas & Kruttschnitt, for relator. Réné Tontant Beauregard, pro se. Terriberry & Butler (Winston Overton, of counsel), for respondent city of Lake Charles.

### Statement of the Case.

NICHOLLS, C. J. The city of Lake Charles brought in the First city court for the parish of Orleans a direct ordinary action against the Equitable Assurance Association, the relator herein, in which it prayed that the latter be condemned to pay it the sum of $85, with interest at the rate of 2 per cent. per month from the 1st of March, 1902, until paid, and 10 per cent. attorney's fees, and that it be recognized as having a first lien and privilege upon its property, movable and immovable, for the security of the payment of said amount, and that an injunction issue forbidding it from the further pursuit of life assurance in the city of Lake Charles until after having obtained a license. In its petition it averred that the Equitable Life Society, a body incorporated under the laws of New York and domiciled in the city of New Orleans, and doing business in the city of Lake Charles through P. Jacobs & Sons, was indebted to it in the said amount, interest, and attorney's fees, for this:

That the said society was conducting business of life insurance in said city without having obtained a license for said business from said city for the year 1902. That its premiums for the year would be $5,000 or more. That under the terms of section 7 of the general revenue ordinance of the city of Lake Charles for the year 1902 this license was $85.

That under the terms of section 24 of the ordinance all unpaid licenses bear interest at the rate of 2 per cent. per month from the

1st day of March, 1902. That under the terms of section 22 of the ordinance the delinquent, owing a license, should pay to the city attorney a commission of 10 per cent., calculating same upon the aggregate amount of license and penalty collected through said attorney and paid to the city. That under the terms of section 24 of said ordinance the payment of the license, interest, and attorney's fees was secured by first lien and privilege in favor of the city upon the property, movable and immovable, of the delinquent owing the license. That under the terms of the ordinance it was entitled to an injunction forbidding the defendant from further pursuit of said business of life insurance in the said city until after having obtained a license. Its prayer was in conformity with its pleadings.

The defendant answered, pleading first the general issue. Further answering, it averred that it was true that it was a body corporate under the laws of New York, domiciled in the city of New Orleans. It denied that it was conducting the business of life insurance in the city of Lake Charles, through P. Jacobs & Sons or otherwise. It averred that the fact and truth was it was conducting the business of life insurance in the state of Louisiana, and had, pursuant to its laws, named its agents and established its place of business in the city of New Orleans, said agents being Mortimer N. Wisdom and Frank N. Levy, who were associated in business under the firm name of Wisdom & Levy; that it had paid a license in the state of Louisiana upon all its business conducted in said state, said license having been paid to the state tax collector for the First district of New Orleans, being the officer authorized to collect licenses at the place where its office was situated; that it had also paid a license to the city of New Orleans, which license was based upon all the business done by it through said agents and in the city of New Orleans; that P. Jacobs & Sons were

merely soliciting agents employed by said Wisdom & Levy, and that the sole functions and duties of said P. Jacobs & Sons were to solicit the taking of life insurance by individuals, at Lake Charles or elsewhere, and to transmit the applications for such insurance to the city of New Orleans, where said applications were transmitted to the city of New York and returned to said Wisdom & Levy, through whom the same were delivered to applicants and premiums collected; and that defendant had paid all licenses due under the laws of Louisiana, either to said state or any of its subordinate municipalities, the same being paid in the city of New Orleans, where it had its place of business in the state of Louisiana, and where its agents reside.

The suit was tried before P. J. Patorno, one of the judges of the First city court, and judgment was rendered therein in favor of the plaintiff for the amount claimed. The Equitable Life Assurance Society appealed to the Court of Appeal for the parish of Orleans, where it was tried before R. T. Beauregard, one of the judges of said court, who first rendered a judgment reversing the judgment appealed from and dismissing the plaintiff's petition. Thereafter the said Judge Beauregard on rehearing avoided and set aside and dismissed the appeal, for want of jurisdiction, upon the claim (so relator alleges in the present application for relief), urged by the city of Lake Charles, that the Court of Appeal was without jurisdiction ratione materiæ to entertain the appeal, for the reason that the legality of a tax was in contestation.

Relator then applied to this court for writs of mandamus and prohibition; the former writ to be directed to the Court of Appeal, directing it to take jurisdiction of the appeal and try the cause in due course, and the latter writ to be directed to the First city court, prohibiting it from executing the judgment in favor of the city of Lake Charles.

In relator's petition it is averred that under the rules of the Court of Appeal only one rehearing is granted in a cause, and, one rehearing having been granted on the application of the city of Lake Charles, no other rehearing was allowable, and it had exhausted below all means to further relief.

On consideration of this application the Court of Appeal was ordered to show cause why the writs applied for should not be granted.

To the rule to show cause the Court of Appeal answered:

That at the original hearing of the case of the city of Lake Charles against the Equitable Life Assurance Society, the relator, judgment was rendered reversing the judgment of the court a qua and dismissing plaintiff's suit; that on rehearing respondent declined jurisdiction ratione materiæ:

(1) Because the license sought to be collected of the defendant association, by virtue of an ordinance of the city of Lake Charles imposing it, with penalty for its nonpayment, involved an interpretation of a municipal ordinance, the interpretation and construction of which came within the cognizance of the Supreme Court of the state alone. Const. art. 85.

(2) Because defendant's liability for the license tax sought to be collected under the ordinance referred to put at issue the legality of the tax. State v. Cullom, 49 La. Ann. 1745, 23 South. 253; Roy v. Schuff, 51 La. Ann. 86, 24 South. 788; Palfrey v. Sheriff, 106 La. 704, 31 South. 148.

(3) Because the interpretation and construction of a license tax ordinance, as to whether or not the tax claimed thereunder was due, necessarily brought in question the legality of the tax claimed. State v. Rosenstream & Weiss, 52 La. Ann. 2127, 28 South. 294.

(4) Because, if neither the constitutionality nor illegality of the tax claimed was directly pleaded, yet the matter involved the

defendant the Equitable Life Association's liability for the license. Respondent could not otherwise view it, and it was one without the jurisdiction of the Court of Appeal for the parish of Orleans. State v. Cullom, 49 La. Ann. 1745, 23 South. 253; State v. Pigot, 104 La. 683, 29 South. 335.

Relator relies upon the decisions of this court in Frere v. Bank of Morgan City, 46 La. Ann. 1483, 16 South. 453, Moss v. Newhouse, 52 La. Ann. 945, 27 South. 536, and State ex rel. Lyons v. Judges of Court of Appeal, 109 La. 749, 33 South. 756; while the respondents refer us to article 85 of the Constitution of 1898, State v. Sies, 30 La. Ann. 918, Gillis v. Clayton, 33 La. Ann. 286, State ex rel. City v. Voorhies, Judge, 41 La. Ann. 541, 6 South. 821, Parker v. Strauss, 49 La. Ann. 1173, 22 South. 329, 49 La. Ann. 1741, 23 South. 322, State v. Rosenstream, 52 La. Ann. 2127, 28 South. 294, State v. Pigot, 104 La. 683, 29 South. 335, Palfrey v. Sheriff, 106 La. 704, 31 South. 148, and Tebault v. New Orleans, 108 La. 691, 32 South. 983.

### Opinion.

Respondents press upon us that in State v. Rosenstream, 52 La. Ann. 2127, 28 South. 294, this court used the following language: "The interpretation and construction of a tax law, with reference to whether or not the tax claimed under it is due, necessarily brings in question the legality of the tax" —and declared in Palfrey v. Sheriff, 106 La. 704, 31 South. 148, that "a claim for a tax advanced by the tax officer of the state against a particular person or his property, which is met with a denial on the part of the parties in interest, necessarily raises the question whether there exists any legal right of taxation against such person or his property." They urge that there was in this case a claim made against the defendant for a tax, and a denial by the latter, and therefore, under the decisions cited, there was presented to the Court of Appeal an issue

as to the legality of a tax, and that court, having no jurisdiction to pass upon it, properly dismissed the appeal.

The expression used by a court in passing upon a particular case must be construed in connection with the exact pleadings made therein and the precise issues raised between the parties. In the Rosenstream Case the state contended that under its special state of facts the defendant under the provisions of the existing law owed two licenses—one as a wholesale dealer, and another as a retail dealer. The latter did not deny the state of facts upon which this claim was predicated, but, conceding that state of facts to exist, denied that under the law he was liable to pay a second license. The Supreme Court held that the Supreme Court was the proper tribunal to pass upon that question.

The Palfrey Case was one for an injunction. The plaintiff in injunction had bought from Mrs. Humphries, in the month of February of a particular year, all the cypress trees on a certain tract of land, with the right in him to enter upon the land and deaden and cut the trees; also with the right to dig a canal through the land in order to remove the timber. The assessor had assessed the trees for tax purposes as his property for that year, and was attempting to enforce payment thereof. Plaintiff urged that the trees, though they belonged to him, did not belong to him in January, and that in January they belonged to his vendor, Mrs. Humphries, and formed part of the realty of her plantation, and that the latter had paid all the taxes for that particular year on the plantation, including the trees upon it; that the trees could not be made to be charged twice in the same year for taxes; that the pretension of the state that the trees were subject to taxation under an ownership acquired by himself in February, under the circumstances, had no legal basis to rest upon. The state authorities insisted

that the trees were liable to taxation under the facts set up. This court held that under the pleadings and issues so raised the Supreme Court could and should pass upon the legal question submitted, on an appeal from the district court.

It is very evident that the mere fact that state or municipal tax officials should have made a judicial demand upon a defendant, which the latter denies to be just and well-founded and resists, would not, of itself and independently of the grounds upon which the resistance was made, entitle parties to an appeal to the Supreme Court from the judgment rendered in the trial court. Were this true, every case involving a license or tax would be appealable to the Supreme Court, and for this doctrine certainly no one could contend. It is easy to show that no such general right of appeal to the Supreme Court exists. Assuming, for instance, that the state should have demanded a tax upon a factory on the ground that less than five hands were employed therein, and that the owner of the factory should have resisted upon the ground that there was constantly employed therein more than five hands, under such an issue the decision of the case would be made to rest entirely upon a question of fact, and would be governed as to an appeal by the general rules as to jurisdiction. So, again, if a license for a specified amount should be demanded, based upon an allegation that a certain amount of sales had been made, and this allegation should be denied, the decision would be made to rest as a matter of fact upon the amount of sales which the evidence tended to show had been actually made, and the judgment rendered would, as to an appeal, follow the general rules governing appellate jurisdiction. In the case at bar the Equitable Life Society denied as a fact that P. Jacobs & Sons were employed by them as its agents. That allegation raised purely an issue of fact. The trial court has necessarily to pass

upon it before going any further. The court below having decided in favor of the plaintiff, the defendant had the right to appeal to the Court of Appeal, as that court, by reason of the amount involved, was the regular appellate court, and the case had to be tried therein de novo. The Court of Appeal was properly called upon to decide whether Jacobs & Sons were in fact the employés and agents of the Equitable Insurance Society. It was the first issue to be met and disposed of. The fact that a decision by it that they were not the society's employés or agents would carry with it as a consequence, in a suit for a license, that the demand should be dismissed, would not withdraw from that court the right and the duty of deciding the issue, and carrying its decision on that point to a logical and legal conclusion.

Assuming that the appeal might carry with it some issue or issues outside of the court's jurisdiction would not warrant it in declining to pass upon particular issues which might fall within its appellate jurisdiction, and dismiss the entire appeal.

Defendant evidently appealed to the Court of Appeal on the questions of fact involved in the case. Plaintiff evidently was of the same opinion, as it interposed no plea to the jurisdiction, but went to trial.

The judgment of the Court of Appeal on the original hearing is not before us; but, as it reversed the judgment of the First city court, it might have well and legally decided that plaintiff's demand should be dismissed, for the reason that P. Jacobs & Sons were not its agents, and its acts could have no effect upon the defendant company. If the city of Lake Charles claimed that that conclusion was wrong, it was not without remedy, as it could apply to this court for a writ of review, which writ we liberally grant in matters involving public interests.

We do not think that the Court of Appeal should have dismissed, as it did, the appeal.

For the reasons assigned, it is hereby ordered, adjudged, and decreed that the judgment of the Court of Appeal, dismissing relator's appeal, be, and the same is hereby, annulled, avoided, and reversed, and said appeal is hereby ordered and decreed to be reinstated in the Court of Appeal, there to be proceeded with and disposed of according to law. It is further ordered, adjudged, and decreed that the judgment of the First city court, until further orders of court, be not executed.